NELLIE L. HARDING, Appellant, v. DES MOINES NATIONAL BANK, Appellee.

Mortgage of Real Estate: EXECUTION IN BLANK: HOMESTEAD: CANCELLATION: EVIDENCE. In an action in equity to obtain the cancellation of a mortgage upon the ground that the plaintiff, a married woman, had signed the same with the property description blank, and that subsequently her husband, before delivery to defendant, inserted the description of property constituting their homestead, it appeared that the mortgage was prepared by the attorney for the defendant, upon an ordinary printed form, all blanks being properly filled ready for execution, except that for

the description of the property mortgaged, which blank was after-
wards filled by defendant's husband by inserting the description of
the homestead in question. The mortgage was acknowledged
before a notary in the bank, and both the plaintiff and her hus-
band testified positively that at the time of such acknowledgment
the instrument contained no description of the property in ques-
tion. In this they were partially corroborated by two witnesses.
On the other hand the notary and defendant's cashier were equally
positive that the mortgage did then contain such description, and
they were corroborated by the presumption arising from the con-
dition of the mortgage at the time of the trial, and by the testi-
mony of the president of the bank. *Held,* that it was not shown
by a preponderance of the evidence that the description of the
homestead was not contained in the mortgage at the time of
plaintiff's acknowledgment thereof.

*Appeal from Polk District Court.*—HON. W. F.
CONRAD, Judge.

TUESDAY, OCTOBER 28, 1890.

ACTION in equity to declare a certain mortgage
from plaintiff and her husband to the defendant null
and void. Decree was entered dismissing plaintiff's
petition, from which she appeals.

*Kauffman & Guernsey,* for appellant.

*Mitchell & Dudley,* for appellee.

GIVEN, J.—I. A proper consideration of this case
requires that we first determine just what issues are
joined in the pleadings. The plaintiff for cause of
action alleges that about the ninth day of April, 1885,
she and her husband, B. L. Harding, signed the instru-
ment in question; that when so signed it contained no
description of any property of any kind, and that in
that condition it was delivered to the defendant, and
that thereafter her husband inserted the description of
their homestead in said paper; that the paper as signed
and delivered to the defendant bank was absolutely
null and void, and of no binding force and effect; and
that, notwithstanding the premises, the defendant has

placed said paper upon record, and claims that it is a valid and subsisting lien by way of mortgage upon plaintiff's homestead. Plaintiff prays that said paper be declared to be null and void, and that the same be canceled and decreed to be no lien upon said homestead. The plaintiff sets out as an exhibit to her petition a copy of the instrument as it is alleged to have been at the time it was signed and delivered, which is the usual form of a mortgage upon real estate, complete in all respects except that it contains no description of any property as mortgaged. The defendant answering denies that said mortgage, when signed by plaintiff and her husband, contained no description of any property; that it was in condition as shown by the exhibit when delivered to the defendant; that B. L. Harding thereafter inserted the description of the property, and denies that the mortgage as signed and delivered was null and void.

It will be observed that the only ground upon which relief is asked is that the mortgage was blank as to the description of any property at the time plaintiff signed it. The allegation that the instrument as signed and delivered was null and void is the averment of a conclusion from the alleged fact that it was signed in blank, and not the statement of an additional ground for relief. While it is true the allegation is that the instrument contained no description of any property when signed and delivered, we need not inquire as to its condition at the time of delivery, except as that may tend to show its condition at the time plaintiff signed it. Plaintiff is entitled to the relief asked, if at all, because of the instrument being blank at the time she signed it, even though it was filled in before delivery. The sole question to be determined is, whether the description of the homestead now appearing in the mortgage was therein at the time plaintiff signed it, and, if not, whether, under the law, that renders the mortgage void as to the homestead. Counsel discuss other questions, such as whether appellant authorized her husband to

insert the description of their homestead in the mortgage on condition that other securities would be included so as to first become liable for the debt; whether she signed the mortgage because of misrepresentations as to the amount of the indebtedness secured, and the legal effect of the facts. These questions are not involved in the issues. Appellant does not allege as grounds for relief, or otherwise, that she authorized her husband to insert the description of their homestead upon condition that other securities should be included, nor that she was deceived as to the amount of the indebtedness to be secured.

It appears that on and prior to April 8, 1885, Mr. Harding was indebted to the defendant bank in the sum of at least eight thousand dollars, for which the bank was demanding security. Mr. Harding, desiring to secure the bank, and to procure further loans, agreed to give a mortgage upon the homestead of himself and wife, the appellant, worth thirty to thirty-five thousand dollars. The mortgage in question was prepared upon an ordinary printed blank form by the attorney of the bank, all the blanks being properly filled ready for execution, except that for the description of the property mortgaged, which blank was afterwards filled by Mr. Harding's inserting therein a description of the homestead of himself and wife. The mortgage and notes it was given to secure are dated April 8, 1885, and the mortgage contains a certificate of acknowledgment by Mr. and Mrs. Harding, in due form, before V. F. Newell, notary public, dated April 9, 1885. After being signed and acknowledged, the mortgage was either then or on the next day delivered to the bank, and a further loan of three thousand dollars made to Mr. Harding. There is no question but that on the ninth day of April, 1885, Mrs. Harding and her husband did appear before Mr. Newell, and sign and acknowledge the instrument in question. The contention is, whether it then contained the description of their homestead. Upon this subject there is a marked conflict in the testimony. Mr. and Mrs. Harding each

testify with positiveness that the instrument contained no description of any property at the time they signed and acknowledged it, and relate the circumstances under which the appellant claimed the description was afterwards inserted. They are corroborated to some extent by the testimony of S. B. Gafford and Henry Stivers. William E. Hazen, who was then cashier of the bank, and Mr. Newell, the teller and notary, each testify, with equal positiveness, that the mortgage did contain the description of the homestead at the time appellant and her husband signed and acknowledged it. They are corroborated by the presumption that arises from the present condition of the mortgage, and the testimony of John Wyman, president of the bank. Numerous facts were called out by each party tending to affect the weight of the testimony given in favor of the other. Many pages have been devoted to a discussion of the conflicts in the testimony. To follow this discussion would extend this opinion to an unwarranted length, and would not serve as a precedent for future cases. The reasons for our conclusion as to the weight of the testimony cannot be presented intelligibly without setting out the testimony at length. This we deem unnecessary. It is sufficient to say that we have examined the testimony and arguments with care, and are led to the conclusion that the plaintiff has failed to show by a preponderance of evidence that the mortgage in question did not contain a description of her homestead at the time she signed and acknowledged the instrument.

Having reached this conclusion, it is unnecessary that we determine what effect it would have had upon the validity of the mortgage as to the homestead if it had been blank as to the property mortgaged at the time appellant signed and acknowledged it. Our conclusion is that the decree of the district court should be AFFIRMED.