Des Moines National Bank, Appellee, v. B. L. Harding *et al.*, Appellants.

1. **Mortgage on Real Estate:** ATTACK ON VALIDITY: PRESUMPTION: EVIDENCE. Where in an action for the foreclosure of a mortgage, such instrument as introduced in evidence was complete and binding upon the parties by whom it purported to have been executed, *held*, that the testimony of the mortgagors that at the time of the execution, acknowledgement and delivery of the mortgage it contained no description of any real estate, although corroborated by three other witnesses, was not sufficient to overcome the presumption arising in favor of the validity of the mortgage from its appearance on the trial, coupled with the fact that no question as to its validity was raised by the mortgagors for three years and eight months after its execution, and the testimony of the notary and the plaintiff's cashier that the mortgage contained the description of the property in question at the time it was signed and acknowledged.

2. ———: ———: WIFE'S HOMESTEAD RIGHTS: AGREEMENT TO INSERT OTHER PROPERTY. The mortgage being a completed instrument when acknowledged and recorded, *held*, that the wife of the mortgage debtor could not be heard to claim she signed the same with the understanding and agreement that certain collateral securities were to be embraced in the mortgage, and that their omission therefrom was in violation of her homestead rights in the mortgaged property.

3. ———: FORECLOSURE: DEFENSES: FORMER ADJUDICATION. An action to obtain the cancellation of a mortgage, upon the ground that the property which it purported to convey was not described therein at the time of its execution and delivery, will not estop the mortgagor in an action for the foreclosure of such mortgage from asking that the mortgagee be compelled to exhaust other securities held for the mortgage debt before enforcing the same against his homestead.

4. ———: ———: MARSHALLING OF SECURITIES: HOMESTEAD RIGHTS. A mortgagee of a homestead may be compelled in equity to exhaust other securities held by him for the payment of the mortgage debt before resorting to a foreclosure against the homestead.

5. **Practice in Supreme Court:** RECORD: MOTION TO STRIKE. Where a motion in the supreme court to strike the evidence from the record, because not properly certified, was presented with an abstract of the evidence by the appellee, without alleging that the abstract of the appellant and that of appellee did not contain all the evidence, but such claim was made in an amended abstract subsequently filed by the appellee, *held*, that the motion should be overruled.

*Appeal from Polk District Court.*—Hon. C. P. Holmes,. Judge.

Friday, October 7, 1892.

This is an action in equity to recover a judgment on certain promissory notes, and to foreclose a mort-- gage upon certain real estate given to secure the payment of the notes.   There was a judgment and decree for the plaintiff, and the defendants appeal.—*Modified and affirmed.*

*Kauffman & Guernsey*, for appellants.

*Dudley & Coffin* and *C. C. Nourse*, for appellee.

Rothrock, J.—I.  It is not disputed that the defendant, B. L. Harding, executed and delivered to

1. Mortgage on real estate: attack on validity: presumption: evidence.

the plaintiff his five promissory notes, dated April 8, 1885, for five thousand dollars each, and each payable on the eighth day of April, 1890, with interest. payable annually at the rate of seven per cent. per annum.   The action is founded upon these notes, and upon a mortgage executed by B. L. Harding and his wife, the defendant, N. L. Harding, said mortgage being upon the homestead of the defendants.   The mortgage purports to have been executed on the said eighth day of April, 1885, and acknowledged on the ninth day of the same month; and upon its face it is. an instrument complete in form, and pledges the said homestead for the payment of said five promissory notes.   So far as the form of the notes and mortgage is involved, they are complete and perfect instruments,. and binding on the parties thereto.

The defendants, as a defense to the mortgage foreclosure, claim that, at the time the mortgage was executed, acknowledged and delivered to the plaintiff, it was not a mortgage; that it was no more than a.

blank paper, because it then contained no description of any real estate; and that the plaintiff is not entitled to a foreclosure and sale of the property, the description of which was subsequently written in the paper purporting to be a mortgage. This is the first issue between the parties, and in the trial in the district court, and upon appeal to this court a large mass of evidence was presented; and it is strenuously contended by the appellant that the preponderance of the evidence shows that the description of the real estate was not written in the mortgage until the next day after it was signed, acknowledged and delivered to the plaintiff. The issue involves the identical question which was presented to, and determined by, this court in the case of *Harding v. Des Moines Nat. Bank*, 81 Iowa, 499. That was an action in equity to declare the mortgage void, because it contained no description of any real estate when it was signed, acknowledged and delivered. It was held by this court, affirming the decree of the district court, that it was not shown by a preponderance of the evidence that the mortgage in question did not contain a description of the property when it was signed, acknowledged and delivered. The evidence introduced by the parties is discussed to some extent in the opinion in that case, and we need not consider it here further than to say that we see no reason for reaching a different conclusion now.

It is urged that the evidence now presented is much stronger in behalf of the defendants than it was in the other case. It is true that the defendants introduced a witness named Harvey, whose testimony tended to corroborate the testimony of the defendants. But, giving this evidence full consideration, in our judgment the defendants still fail to maintain the issue by a preponderance of the evidence. It is to be remembered that the defendants are making an attack upon a written instrument by parol evidence, with the

presumption that the writing is valid to be overcome.
There are other considerations in favor of the validity
of the instrument, such as that the parties intended to
mortgage their homestead, and, for aught that appears
in the record in this case and the record in the former
action, this mortgage was allowed to stand unchal-
lenged by the mortgagors from the date of its acknowl-
edgment, on April 9, 1885, until the commencement of
the former action, in December, 1888, a period of three
years and eight months.   No question was made as to
the validity of this mortgage during that time, and
there is evidence tending strongly to show that during
all that period there was no question made as to the
validity of the transaction between the defendants
themselves.   The defendant, B. L. Harding, testified
as to that feature of the case as follows:   "I think I
first consulted counsel, and first advised with my wife
in regard to the question as to whether the mortgage,
being in blank, was a defense, about the time of the
commencement of the suit.   I do not remember that
we had talked about it before."   In view of these, and
many other, facts and circumstances which might be
named, it appeared to us on the hearing of the former
case, and a re-examination of substantially the same
evidence in the case at bar confirms us in the belief,
that the defendants have failed to establish the truth
of the defense now under consideration.   This dispo-
sition of the question renders it unnecessary to deter-
mine the effect of the delivery of a mortgage in blank
as to the description of the property, and also the
question of estoppel growing out of the suit to cancel
the mortgage.

II.   The defendants further claim that when the
mortgage was given there was to be embraced, as part

2. ——: ——:  of the property incumbered, certain col-
wife's home-
stead rights:  lateral securities, consisting of a certain
agreement to
insert other  contract between B. L. Harding and Wil-
property.

son & Co.; and that Mrs. Harding signed the instru-
ment with the express understanding and agree-
ment that said collaterals were to be embraced in the
mortgage, but that they were wholly omitted there-
from, in violation of her rights. This defense is not
sustained by the evidence. We have found that the
mortgage was a completed instrument when it was
acknowledged and delivered. It contained the com-
pleted contract of the parties, and nothing was to be
afterwards inserted therein. It may be that, if it were
found that the description of the property was inserted
in the mortgage after it was acknowledged under the
promise to Mrs. Harding, that what is called the "Wil-
son collaterals" should be inserted in the mortgage,
there would be merit in this defense. But, having
found that the mortgage was a completed instrument
when acknowledged and delivered, it is an end of the
question as to what was to be inserted therein by Hard-
ing. He had inserted the description of the property,
and thus made the instrument complete.

III. The only other questions which we think
proper to consider upon the record presented, pertain
to the consideration for the five notes, of
five thousand dollars each, and as to the
credits which the defendants claim thereon,
and as to whether the Wilson collaterals, although not
pledged in the mortgage, should be exhausted before
resorting to the mortgaged property. It is claimed by
the appellee that all of these questions were proper
questions of adjudication in the former action, and
that the defendants are now estopped from urging them
in this action. We do not concur in this view of the
rights of the parties. The former action was a demand
that the mortgage should be canceled as being void.
The mortgagee did not seek a foreclosure of the mort-
gage by a cross action, but stood merely on the defen-
sive. No question was raised as to payments, or a

3. ——: foreclos-
ure: defenses:
former adju-
dication.

partial want of consideration. It is time enough to raise these questions when the mortgagee seeks a fore-closure of the mortgage. It is very plain that the issue in the former action did not involve partial defenses to the mortgage, such as a partial want of consideration, or partial payments, or the question of compelling the mortgagee to resort to other securities for the debt before resorting to a foreclosure against the homestead.

IV. It is not our purpose to review the evidence as to what items entered into the consideration for these notes. It is sufficient to say that, after a most careful examination of all the evidence, we are content with the result reached by the district court as to the amount of the consideration, and as to the credits to which the defendants are entitled, with the exception that, as the property mortgaged is the homestead of the defendants, and as the plaintiff still retains an interest in what is denominated the "Wilson collaterals," we think that it is the right of the defendants to demand that the plaintiff's interest therein be sold, and the proceeds applied to the extinguishment of the mortgage debt, so far as they will do so. These collaterals are shown by the evidence to be as follows: Note of W. W. Moore for four thousand, nine hundred and fifty-seven dollars and seventy-seven cents and interest; stock in Des Moines National Bank for one thousand, five hundred dollars; stock in State Insurance Company for two thousand, five hundred dollars; two notes of George W. Seevers for one thousand dollars each. These collaterals appear to be in the hands of D. F. Witter, together with the proceeds of certain stock in the Capital Insurance Company. It is the right of the defendants to have these securities applied to the payment of the mortgage indebtedness, and the decree will be modified accordingly, and the cause remanded to the court below, with directions to enter

4. ——: ——: marshalling of securities: homestead rights.

.an order to have the said securities sold at public sale upon notice, and the proceeds arising from the sale applied upon the mortgage debt; and that the plaintiff have special execution for the sale of the mortgaged property to pay any balance found to be due. We think the right to thus marshal the securities in the interest of the preservation of the homestead right is one which in equity ought to be sustained.

V.   The appellee filed a motion to strike the evidence from the record, and affirm the decree upon the alleged ground that the evidence in the district court was not properly certified to this court. The motion will be overruled. It was presented in connection with a most elaborate abstract of evidence by the appellee, without any intimation therein that the abstract of the appellant and that of the appellee did not contain all the evidence. It is true the appellee filed an amended abstract in which the claim was made that the evidence is not all presented, but we think this claim is made too late, and, so far as we have examined the arguments on the motion, it does not appear to be well taken.

5. PRACTICE in supreme court: record: motion to strike.

The decree of the district court will be MODIFIED as above indicated, and AFFIRMED.