### J. F. CHRISTOFF ET AL. v. A. CHESLEY, EXECUTOR.

#### No. 892.

1. **Vendor's Lien—Assignment of Debt, with Reservation of the Interest.**
   Where a debt secured by a vendor's lien is assigned, but with a reservation of certain interest accrued and to accrue thereon, the lien will continue to attach in favor of such interest not assigned.

2. **Allegation and Proof—Substance of Issue.**
   The rule that the allegata and probata must correspond requires only that the substance of the issue be proved. See the opinion for illustration.

3. **Foreclosure of Lien—Homestead.**
   Plaintiff, owning part of a vendor's lien debt, asked for a foreclosure of the entire vendor's lien, but the defendant debtor, as well as the owners of the other part of the lien debt, denied plaintiff's right to a foreclosure other than for his own part of the debt; and thereupon the court, having adjudged that such other lien claimants were entitled to precedence over plaintiff, ordered a foreclosure of plaintiff's lien and sale of the land subject to the liens of the other parties. Held, that the defendant debtor (vendee of the land) could not in this state of case require that the part of the land outside of his homestead should be first sold.

APPEAL from Waller. Tried below before Hon. T. S. REESE.

*A. J. & J. D. Harvey,* for appellants.—1. The allegata and probata must agree to authorize the judgment prayed for. If a party plaintiff relies in his pleadings on a contract, he must prove it as alleged before he can recover. He bears the burden of proof. McGreal v. Wilson, 9 Texas, 428-9; Gammage v. Alexander, 14 Texas, 419; Heilbroner v. Hancock, 33 Texas, 718-719; Guess v. Lubbock, 5 Texas, 539-540; Greenl. Ev., 356, 949; 1 Chitt. Plead., 236, 255; Stephenson v. Bassett, 61 Texas, 544; Looney v. Frank, 51 Texas, 407-409; Wallace v. Hunt, 25 Texas, 649; Bledsoe v. Wills, 22 Texas, 651.

2. The court erred in foreclosing the lien on the whole of the 912 acres of land, and directing the entire tract sold in the manner stated in the judgment. Defendant's homestead claim should have been respected, also the uncultivated lands that were unincumbered otherwise than by this judgment, should have first been sold and proceeds applied and exhausted before the cultivated land and homestead lands were molested. Culley v. Craker, 18 Kan., 220; McLaughlin v. Hart, 46 Cal., 638; Brown v. Cozard, 68 Ill., 178; McArthur v. Martin, 23 Minn., 74; White v. Fulgan (Tenn.), S. W. Rep., 504; Dickson v. Charm., 6 Iowa, 19; Marr v. Lewis, 31 Ark., 203; McCracken v. Schaffer (Neb.), 41 N. W. Rep., 99; Bank v. Harding (Iowa), 53 N. W. Rep., 99; Flowers v. Miller, 15 S. W. Rep., 705; Henkle v. Bohnke, 26 S. W. Rep., 646-8.

*A. Chesley* and *Arthur C. Tompkins,* for appellee.—On general principles in the absence of legislation and of express contract, the courts

have no authority in case of a suit upon promissary notes secured by mortgage or vendor's lien specially retained upon a tract of land, upon a portion of which the maker has his homestead, to compel a resort in the first instance to that portion of the land not occupied and claimed as the homestead for satisfaction of the debt. It would amount to an interpolation upon the contract of the parties of an additional stipulation. Scarle v. Chapman, 121 Mass.; Chapman v. Lester, 12 Kan., 592; Thompson on Homesteads, sec. 656; 1 Story's Equity, 640.

PLEASANTS, ASSOCIATE JUSTICE.—On the 7th of December, 1887, J. J. Haggerty, since deceased, and who, by his last will and testament, appointed the appellee, A. Chesley, his executor, sold and conveyed to the appellant, J. F. Christoff, 912 acres of land, situate in the county of Waller, and being a part of the Padell grant; in consideration whereof, Christoff paid in cash on said day, $375, and executed his eleven promissory notes (aggregating the sum of $6102) to the said Haggerty; said notes being due, respectively, on December 7, 1888; December 7, 1889; December 7, 1890; December 7, 1891; December 7, 1892; December 7, 1893; December 7, 1894; December 7, 1895; December 7, 1896; December 7, 1897, and December 7, 1898, and each bearing interest from the 7th day of December, 1887, payable annually, at the rate of 9 per cent per annum, and all of which notes were secured by vendor's lien on the said 912 acres of land, expressly retained in the deed of conveyance aforesaid. There was also a stipulation in the deed, that if there should be default in payment upon its maturity, of any of the notes falling due after the 7th day of December, 1891, all of said notes should become due. On the 22d of January, 1894, A. Chesley, the executor of the will of the vendor Haggerty, brought suit in the District Court of Waller County against the appellee, J. F. Christoff, and against Robert Burton, Robert Hall, Henry Johnson, Shepard Johnson, Dave Johnson, Smith Murry, T. S. Sterling and Francis Smith & Co., a firm composed of Francis Smith and H. P. Drought.

The plaintiff averred that on the 5th of November, 1890, J. J. Haggerty, for value received, transferred said eleven notes to Smith & Co., and by special agreement made at the time of said transfer, between Haggerty and defendants, Smith & Co., the accumulated and unpaid interest on said notes, and also the interest thereafter to accumulate on same up to December 7, 1890, was to belong and be paid to Haggerty, and that defendant Christoff consented to same; that at the time of the transfer there was due for the year ending December 7, 1889, $115.73, of which sum defendant had paid through defendants Henry Johnson and Robert Hall, $81, leaving a balance of $34.73 still due plaintiff on the interest for the year ending December 7, 1889; and that the interest due for the year ending December 7, 1890, amounting to $549, is wholly unpaid, for which sums the petition prayed judgment against defendant Christoff, with 9 per cent per annum interest on the balance of $34.73 from December 7, 1889, and interest at same rate from the

7th of December, 1890, on $549. The petition further averred, that on, the 11th of July, 1892, the defendant Christoff acknowledged in writing to the said Haggerty that the aforesaid sums of money, with interest thereon as above named, were due from him to Haggerty, and that said sums and interest were secured by vendor's lien on the said 912 acres of land sold to him by the said Haggerty; that Christoff, with the assistance of the defendant Sterling, paid off the first five of said notes, and has also paid a portion of the note which fell due December 7, 1893, and has doubtless paid all interest on said notes up to the date last aforesaid; that the plaintiff believes, and so charges, that the defendants, Smith & Co., are still the owners of the unpaid notes; and that plaintiff has reason to believe that said Sterling has an interest, but to what extent plaintiff is not advised, in the notes which have been paid to Smith & Co., and by them surrendered; that the defendants, Hall, Murry, Henry Johnson, David Johnson and Shepard Johnson, are in possession of a small parcel of said land, claiming an interest therein; and by an amendment to the petition Sol Fisher was also made a party defendant; who, it was averred, was in possession of a part of the land. Prayer was made that the defendants be all duly cited to appear and answer the petition; that the court determine the respective amounts due Francis Smith & Co. and defendant Sterling, and that judgment be rendered for said defendants, against defendant Christoff, for the sums due them respectively on said notes; and that the vendor's lien upon all of said 912 acres be foreclosed in favor of said defendants, Smith & Co. and Sterling, and plaintiff, and that the said land be sold, and the purchaser placed in possession thereof; and that the other defendants be required to show cause if any they can why said liens be not foreclosed and order of sale be made, as to the lands in their possession; and in case of failure to do so, that they be dispossessed of all parts of said land; and in case defendants, Smith & Co., or defendant Sterling, make default, that judgment of foreclosure be made for plaintiff, and that the lien of such defaulting party or parties be subordinated by decree to that of plaintiff.

Defendant Christoff filed general and special exceptions to the plaintiff's petition; the special exceptions are in substance, that the plaintiff cannot legally require the liens in favor of defendants, Smith & Co., and defendant Sterling, foreclosed without their consent, and that each of them has answered, refusing to foreclose his lien; 2nd, that the transfer of the eleven promissory notes to Francis Smith & Co. conveyed all the rights of the payee, Haggerty, to the debts or interest evidenced by said notes, and to the lien secured by same; 3rd, that the instrument sued on, of date July 11, 1892, appears on its face to be nudum pactum. Defendant answered by general denial, and specially, that Haggerty assigned the notes sued on to Francis Smith & Co., and at the same time conveyed to them the legal title to the land for which the notes were given; and that on the 11th of July, 1892, defendant was a married man, living with his wife

and seven minor children of said marriage, on the land involved in this suit, as his home, and has so resided continuously to this date, having no other home; and that therefore said instrument of July 11, 1892, could not create a lien superior to defendant's homestead right in said land; and following this claim of homestead, the answer gives a description of that portion of the land occupied by defendant and family, and which is designated as his homestead; and prayer is made that defendant be protected against the claim of plaintiff, as to his homestead; and prayer is further made, that if the vendor's lien be established upon said lands and the same ordered sold to satisfy said lien, in favor of plaintiff, or defendants, Smith & Co., or defendant Sterling, that the decree direct that all of the lands outside of that designated by defendant's answer as the homestead of himself and family, be first sold. Defendant denies that plaintiff has a lien on his homestead and avers that the same is protected against his demand, and that plaintiff is entitled to nothing until the liens existing in favor of Smith & Co. and defendant Sterling are satisfied. Defendant further answering, averred that he had paid Francis Smith & Co., by the hands of other co-defendants, a large sum on the original indebtedness, but the dates and items of the payments are not known to him, but known to defendants, Smith & Co., and he prayed for an accounting and adjustment between himself and his creditors, Smith & Co. Defendant further averred that by contract between himself and the defendant Sterling, the latter had obligated himself to pay off all defendant's indebtedness to Smith & Co.; and the consideration of this obligation on the part of Sterling was the transfer to him of debts due him from Robert Hall, Robert Burton, George Marshall, Smith Murry, Henry Coger, Davy Johnson, Henry Johnson and Shepard Johnson, for land sold them by defendant, and described in exhibits filed with their pleadings in this suit; and he avers that a large part of said indebtedness has been collected by Sterling, and paid to Smith & Co., and he prays for an accounting between his said debtors and said Sterling and himself; and that in case of foreclosure of lien upon his lands, that the lands sold by him as aforesaid be first sold before any other portions thereof, to satisfy liens in favor of Smith & Co., and defendant Sterling.

Defendant Sterling answered; excepts generally and specially, and denies plaintiff's right to require him to have the property involved in the suit sold to satisfy his debt unless he wishes to do so; avers that he purchased the notes mentioned in the answer of Smith & Co. on his own account, and that he is the holder and legal owner of same, and that he has paid a part of the note due 1893; that he has paid for said notes, and that Christoff yet owes him; that at the time he purchased the notes, all interest accruing on them prior to December 7, 1890, was credited on them, and that he had no notice of plaintiff's claim of interest. Defendant Johnson answered, setting up payment of $303 to Haggerty, for which he claimed credit. Defendants Burton and Marshall each

answered, pleading a release of the vendor's lien to him, from Smith & Co., and praying to be protected in his possession. The defendants, Francis Smith & Co., answered by general and special exceptions and general denial of plaintiff's averments, except such of them as in their answer are admitted. The exceptions are, that the petition shows no cause of action against them, and that plaintiff cannot compel them to have the property, in his petition described, sold to satisfy their debt, unless they desired so to do. The answer admits the sale of the land to defendant Christoff, and the execution of the promissory notes by Christoff and the reservation of the vendor's lien on the land, and the transfer of the notes by Haggerty, but denies that there was any special agreement by which interest accruing to the 7th of December, 1890, was to belong to and be paid to Haggerty; they deny any knowledge of such agreement made between Haggerty & Christoff on the 11th of July, 1892; they admit that plaintiff's statement as to the deferred payments on the land are true; and also the averments that Haggerty conveyed all his right, title and interest in the land to them. They aver that the note payable in 1888 was paid by defendant Christoff; that all other payments on the note were made by Sterling, but whether these payments were made by Sterling for himself or for defendant Christoff, they are not advised. They set out the payments which had been made, and also the amounts still unpaid, and aver that defendant Sterling is under contract with them to pay the notes not yet due, as they mature; and they are under obligation by the terms of the said contracts to deliver the notes to Sterling as they are paid by him.

The exceptions to plaintiff's petition were overruled, and upon trial of the cause by the judge without a jury, judgment was rendered for plaintiff for his debt, with foreclosure of vendor's lien for him. Subordinate, however, to the liens of defendants Francis Smith & Co., and defendant Sterling, the respective amounts of which liens were ascertained and established by the decree, with an order directing the sale of the entire 912 acres of land, less 50 acres purchased by defendants, Burton and Marshall, which were decreed to be released from the vendor's lien. The sale to be made to satisfy plaintiff's judgment; the property to be taken by the purchaser subject to the prior liens of defendants Francis Smith & Co. and defendant Sterling, and the officer making the sale to put the purchaser in possession.

Defendant Christoff filed a motion to set aside the judgment because not supported by the evidence, and against the weight of the evidence: and because the sale of the entire tract, including defendant's homestead, and directing the officer to place the purchaser in possession, was wrong and against the right of the superior lien holders, and against the rights of defendant, as well; which motion was overruled, and defendant appealed to this court.

The appellant's brief contains twenty-nine assignments of error, but five of which will be noticed. Many of the assignments are entirely too general to be considered, while others of them have not such sup-

porting statements as are required by the rules of this court, and cannot therefore be discussed and determined.

The appellant's objections to the judgment in favor of appellee, may be grouped under three heads:  1st. The petition shows upon the face that the plaintiff did not have a vendor's lien on any part of the land sold appellant by plaintiff's testator.  2d. That conceding, under the allegations of the petition, plaintiff had a vendor's lien, the judgment is erroneous, because it is unauthorized by the pleadings and the evidence.  3d. If plaintiff was entitled under the pleadings and the facts of the case to a judgment and decree of foreclosure of vendor's lien, it was the right of the appellant to have his homestead protected from sale, unless a sale of the rest of the land should fail to realize a sum sufficient to pay appellee's judgment.

Under the first group of these objections appellant insists, that by a transfer of the notes, and a conveyance of his right in the land, Haggerty parted with his lien; and that the land was not subject to the lien for the unpaid interest accrued, and to accrue, which was retained by Haggerty, and not assigned by him, with the notes.   To this proposition we cannot assent.  It may be true, that in a contest between the assignor and the assignee, the former would not be permitted to recover under a contemporaneous parol contract any part of the interest; but such question was not presented by the appellant's exceptions.   The payee of a promissory note may assign a portion of the note only; and, as the vendor's lien is a creature of the law, when a part only of a purchase money note is assigned, it matters not whether the part not assigned be a portion of the principal, or of the interest, the payee will retain the vendor's lien on the land, to the extent of the purchase money due to him.   The law gives a lien upon the whole land, for every dollar of the purchase money, and that lien adheres, *pro tanto,* to every part of the price of the land, regardless as to whom it may be due.   We conclude, therefore, there was no error in overruling the appellant's exceptions to the petition.

Plaintiff alleges in his petition, "that his testator, J. J. Haggerty, on the 5th day of November, 1890, transferred to Francis Smith & Co. the eleven promissory notes executed to him by appellant on the 7th day of December, 1887, in part payment of the 912 acres of land sold to appellant on said day, and that at the time of said transfer of said notes, by special agreement between said Haggerty and said Francis Smith & Co., the accumulated and unpaid interest on said notes, at the time of the transfer and also the interest thereafter to accumulate, up to the 7th day of December, 1890, was to belong, and be paid to the said Haggerty, to which arrangement the defendant Christoff (appellant) consented."   Under the second head of his assignments, appellant insists that under the rule, that the *allegata* and *probata* must correspond, the plaintiff failed to prove the above recited allegation.   The defendants, Francis Smith and H. T. Drought, composing the firm of Francis Smith & Co., each testified that the eleven notes described in

the petition were transferred to them as alleged by plaintiff, on the 5th day of November, 1890, but each disclaimed any knowledge of the agreement alleged to have been made with them at the time of the assignment, whereby the accumulated interest on the notes, and that to accumulate up to December 7, 1890, was to belong to, and be paid to Haggerty; they did not know personally of such agreement, and never heard of it until some time after the transfer; and had supposed, until otherwise informed by Haggerty, that the interest on the notes was all paid up to December 7, 1890. They never had, nor did they then claim, any part of such interest. They further testified that they kept a branch office in the city of Houston, and that the purchase of the notes was made by their agent, who had charge of their office in Houston. That everything in the Houston office was done under instructions from witnesses' office in San Antonio; when a proposition was submitted to the Houston office, it was re-submitted here (San Antonio), and we advised in regard to it. Their agent at Houston had no authority to bind them without consulting the San Antonio office. Thompson, our agent at Houston, who negotiated the purchase of the notes, never informed us that the interest on the notes accruing prior to December 7, 1890, was unpaid. He was our clerk only, and had no authority to bind us to any agreement which was not previously submitted to us, and assented to by us. Plaintiff then read in evidence the following instrument, executed by defendant Christoff: "I hereby acknowledge that I owe J. J. Haggerty interest on land notes, now owned by Francis Smith & Co., $34.75, with 9 per cent interest from December 7, 1889, and $549, with 9 per cent interest from December 7, 1890. This, Bellville, July 11, 1892, and that said indebtedness is a lien on the land for which said notes were given, 912 acres out of the Padillo grant, on which I now live, in Waller County, Texas." And plaintiff next read the three following letters addressed to his testator:

"Houston, Texas, November 2, 1890.
John J. Haggerty, Esq., Bellville, Texas.

Dear Sir:—We have carefully noted the contents of your letter, and, in general, approve your suggestions; when you send your notes to bank here, the bank at Bellville can send the Jackson note; also we will rely upon your getting release to property executed. The transaction need not be delayed on account of release; you can give us your written assurance of its execution and delivery to us within a reasonable time. Let us know in what manner you make your settlement with Christoff. If he does not pay all, instruct in full.        Yours truly,        F. S. & Co.,

Another, as follows:

Houston, Texas, November 12, 1890.
J. J. Haggerty, Esq., Bellville, Texas.

This is to the effect that in our purchase from you of the eleven vendor's lien notes of J. Christoff, amounting to $6102, it was under-

stood all interest on said notes up to December 7, 1890, was to be the property of yourself and collected by you.

                Yours truly,          F. S. & Co.

Please get us Christoff's consent to the loan.

And another, as follows:

               Houston, Texas, September 2, 1891.

John J. Haggerty, Esq., Bellville, Texas.

Dear Sir:—We had supposed from our understanding with you that Christoff had paid the interest due you for 1890 on the notes, and to learn to the contrary was a surprise. We are still carrying the past due notes, but don't propose to much longer. If you want us to join in any arrangement to get the money, we might consider doing so if you would buy of us the past due notes, and then let us come in with you as claimants for our interest due this year, assuming it as not to be paid. Please favor us with your ideas as to this end, and oblige

                Yours,          F. S. & Co."

The witnesses, Smith and Drought, testified that these letters were genuine; that is, they were written by their agent, Thompson; but they denied his authority to write them. The defendant, the appellant here, testified that he first learned of the transfer of the notes by Haggerty to Francis Smith & Co. some time in the fall of 1890; he learned of it on his farm, from Thompson, Francis Smith & Co.'s agent; that he knew of no arrangement between Haggerty and Francis Smith & Co. by which Haggerty was to have the interest on the notes accumulating prior to December 7, 1890; that he never consented to any such arrangement; he did not hear of the transfer of the notes until after it was made. The evidence we have cited is amply sufficient, we think, to sustain the averment of the petition, that in making the assignment of the notes the interest up to the 7th of December, 1890, was to belong to and be paid to Haggerty, and that appellant assented to the agreement. The petition does not allege that appellant assented to the agreement at the time it was made. That he subsequently assented to it, when he acknowledged that the interest was due to Haggerty from him, and that the notes were owned by Francis Smith & Co., is, we think, beyond cavil. Without knowledge of such an agreement, and without consenting thereto, appellant could not have acknowledged, as he did, on the 11th of July, 1892, that he owed Haggerty $34.75, and $549, interest on land notes; and that said notes were owned by Francis Smith & Co. But, if it be conceded that the language of the allegation is equivalent to an averment that appellant gave assent to the special agreement, at the time it was made between Haggerty and Francis Smith & Co., the substance of the issue was proved; and the rule of evidence invoked by appellant requires nothing more than proof of the substance of the issue joined between the plaintiff and defendants. It was wholly immaterial whether or not the appellant, the payor of the notes, assented to their transfer. with the limitations and condi-

tions alleged by plaintiff. The fact that Francis Smith & Co., when they received the notes from Haggerty, through their agent Thompson, may have been ignorant of the special agreement made, as alleged, by Thompson with Haggerty, cannot defeat the latter's right to recover against appellant; nor does it prove that Thompson in making such an agreement was acting beyond the scope of his agency. Francis Smith & Co. declare that they took the notes supposing all interest accruing prior to December 7, 1890, had been collected by Haggerty, and that they never claimed any part of such interest.

Appellant's contention that the decree should have required the land outside his homestead to be first sold, with directions to the officer not to sell the homestead unless the proceeds from the other land should be insufficient to satisfy the judgment, would be sound if the decree had foreclosed the liens of Francis Smith & Co., and that of the defendant Sterling, along with that of the plaintiffs, and ordered the land sold to satisfy all three liens. A provision for the protection of the homestead from an unnecessary sale, had the decree ordered a sale to satisfy each of the liens, would have been in conformity with the decision of this court in the case of Henkel et ux. v. Bohenke et al., and the decisions cited in the opinion delivered in that case, 26 S. W. Rep., 645. But the appellant objected in his answer to plaintiff's petition to a foreclosure of the liens of his co-defendants, at the prayer of plaintiff and the defendants, Francis Smith & Co., and defendant Sterling also insisted that plaintiff had no cause of action against them, and denied his right to compel a foreclosure of their liens without their consent. The court sustained this objection, but determined the amounts, and the relative priority of the three liens, and ordered the land sold to satisfy the third lien; the purchaser to take the property subject to the first and the second liens. To order the land sold, under such circumstances, in parcels, would have placed impediments to the collection of plaintiff's debt, not consistent with a prompt and impartial dispensation of justice, if, indeed, it would not have been tantamount to a denial to plaintiff of any judicial remedy. The court did not err in ordering the entire tract sold, and directing that the purchaser be placed in possession of the property.

The judgment is affirmed.

*Affirmed.*