## G. HENKEL AND WIFE v. M. F. BOHNKE ET AL.

### No. 516.

1. **Homestead Exemption—Dedication—Estoppel.**—Henkel and wife executed six vendor's lien notes to Breeding for purchase money of 475 acres of land; they took possession and occupied the land as homestead, and afterwards executed a mortgage on the whole tract to Bohnke to secure payment of a $1500 note; they then sold seventy acres to Cockrill with general warranty of title. Bohnke acquired the vendor's lien notes and sued for debt, and to foreclose both liens. *Held:*

1. That the mortgage was subject to the right of defendant to designate a homestead, although such designation was after the mortgage and after sale to Cockrill, and the mortgage was only valid as to the excess of land over homestead.

2. Defendants' deed to Cockrill estopped them from asserting any equity to have his land first sold in satisfaction of debt.

**2. Proper Judgment.**—See opinion for judgment proper to be rendered upon the facts above stated.

**3. Attorney's Fees.**—Ten per cent on the amount due when judgment was rendered was correct, but legal interest should be allowed on all offsets of defendant.

**4. Marshaling Assets.**—This doctrine should not be applied without regard to the homestead exemption.

APPEAL from Fayette.   Tried below before Hon. H. TEICHMULLER.

*Moore & Duncan,* for appellants.—1.   When suit was filed, March 2, 1892, then and at that moment the right to attorney's fees accrued, and such attorney's fees became a part of the principal debt, and are a part of the matter in controversy.   Blankenship et al. v. Wortelsky et al., 6 S. W. Rep., 140.

2.   The appellants, being the heads of a family, were entitled under the laws and the Constitution of the State to a homestead at the expense of and against unsecured creditors.   They had the right to have all property over and above their homestead marshaled and sold to pay off the vendor's lien on said homestead, even if the claims of creditors are postponed or deferred, and this could be done before the homestead could be resorted to.   White v. Fulghum, 10 S. W. Rep., 502; McCreevy v. Schaffer, 41 N. W. Rep., 996; Horton v. Kelly, 41 N. W. Rep., 103; Colby v. Crocker, 17 Kan., 527; La Rue v. Guilbert, 18 Kan., 220; McLaughlin v. Hurt, 46 Cal., 638; Brown v. Cozard, 68 Ill., 178; McArthur v. Martin, 23 Minn., 74; Hanson v. Edgar, 34 Wis., 656.

3.   The action of the court in subordinating the vendor's lien on the excess over the homestead, and having said excess sold and applied to the payment of the mortgage debt first, and then forcing the payment of the vendor's lien debt which rested on the entire 500 acres unto the homestead of appellants, was the same thing in effect as foreclosing the mortgage lien in part on the homestead of these appellants.   It was doing by indirection that which was forbidden to be done directly. White v. Fulghum, 10 S. W. Rep., 504; Dickson v. Chorn, 6 Iowa, 19; Marr v. Lewis, 31 Ark., 203; Gilliam v. McCormick, 4 S. W. Rep., 521.

4.   The defendants had the right at least of having the excess over the homestead bear its proportional part of the vendor's lien.

*Phelps & Willrich,* for appellees.—The creditor was and is entitled to his 10 per cent on the amount due at date of judgment, principal, and interest, as attorney's fees, and the finding of the court in regard thereto was correct.

The action of the court in making defendants' so-called homestead pay off the vendor's lien notes due on the whole of the 475 acres tract of land, was legal, just, and equitable.

Appellants had no such homestead rights, under the facts and circumstances in this case, against the plaintiff as entitled them to the protection of the court.   Mitchell v. Nix, 1 Posey's U. C., 141; Dillon v. Kauffman & Runge, 58 Texas, 707; De Bruhl v. Mass, 54 Texas, 473; Clements v. Lacy, 51 Texas, 150; White v. Shepherd, 16 Texas, 172; Farmer v. Simpson, 6 Texas, 303.

*Brown, Lane & Jackson*, for appellee Cockrill. — Where any person, being the owner of real estate (whether homestead or not) on which a lien exists in favor of a third person, sells part of such real estate by valid conveyance, the purchaser, upon proper pleadings and proof, in the suit to foreclose such lien, will be entitled to protection, and equity will charge the residue of such real estate in the hands of the debtor with the whole debt secured by the lien, as in favor of such purchaser, and the decree of foreclosure will require such residue of the real estate to be first sold before resorting to the part conveyed away by the debtor.   Miller v. Rogers, 49 Texas, 417.

GARRETT, CHIEF JUSTICE.—On January 1, 1886, the defendant, G. Henkel, bought the land described in plaintiff's petition from Thomas H. Breeding, and for deferred payments of the purchase money executed six notes therein set out for $250 each, bearing interest at the rate of 10 per cent per annum, and providing for 10 per cent attorney's fees in case of suit thereon.

At the time of the purchase Henkel was a married man and the head of a family, and immediately moved upon the land and occupied the same as a homestead, and was occupying it as such at the time of the trial in the court below.   He has no other homestead.   The land consists of a tract of 475 acres.

On February 21, 1887, the defendant executed a mortgage to the plaintiff purporting to cover the entire tract of land, to secure a promissory note for $1500 of the same date, payable to plaintiff, with interest at the rate of 10 per cent per annum.

Afterwards, on September 11, 1891, the defendant, joined by his wife, conveyed 70 acres of the land to M. Cockrill, for a consideration then paid, with general warranty of title.

Bohnke became the owner also of the vendor's lien notes, and on default of the defendant, Henkel, brought this suit to recover the indebtedness and to foreclose his liens, making the wife of Henkel also a party.   Defendants averred that the land was bought for a homestead, and that they had resided on it with their children ever since it was purchased; and in this answer described by metes and bounds 200 acres of said tract of land, including their improvements, which they then for the first time designated as their homestead.   They averred, that the mortgage was invalid as to their said homestead, and asked

that the land in excess thereof be first sold for the payment of the vendor's lien, and that the homestead be sold only for any excess of the purchase money remaining unpaid, after the application thereto of the proceeds of such sale. The vendee Cockrill intervened and showed that he had purchased 70 acres of the land, the metes and bounds of which he set out, and asked that the plaintiffs be required to sell and exhaust the remainder of the tract before selling his land.

On a hearing of the cause the court rendered judgment upon the notes, ascertaining the amounts due for purchase money and that secured by the mortgage separately, and decreed that the land be sold for the satisfaction thereof, holding, however, that the mortgage was invalid as to the homestead. It was adjudged that the defendants should have the privilege of designating a homestead of 200 acres, to include their improvements, less 70 acres sold to Cockrill, and if they failed to make such designation the sheriff should do so for them; that the part of the land in excess of the homestead should be first sold and the proceeds thereof should be paid, first, to the payment of the costs of the suit and that part of plaintiff's debt which is secured by the mortgage; that if it should sell for more than enough to pay the mortgage, debt, and costs, the excess should be applied to the satisfaction of the amount adjudged as purchase money, and if both amounts should be thus discharged, there should be no sale of the homestead; but if such excess over the homestead did not sell for enough to discharge also the purchase money after satisfaction of the mortgage debt, then the homestead, exclusive of the land conveyed to Cockrill, should be sold, and the proceeds applied to the satisfaction of such of the purchase money as should remain after the appropriation of the proceeds of the tract first sold as directed, the excess, if any, to be paid to defendants; but if said homestead tract should not sell for enough to satisfy in full the judgment for the purchase money, then the tract conveyed to Cockrill should be sold for any balance remaining unpaid, the excess, if any, to be paid to Cockrill.

It is a rule of equity, that where a person has a lien upon two or more funds to secure the payment of a debt, on one of which funds another person has a similar lien, the holder of the first lien is required to satisfy his lien so far as he can from those funds on which the other has no claim; and the same doctrine applies where the same person is the holder of the several liens in marshaling the assets so as to secure the satisfaction of all his claims. But the court below, in the application of this equitable doctrine, disregarded the homestead rights of the defendant, which should have been taken into account. This right should be considered either as an incumbrance on the land, to be classed in the order in which it arose, which was next to the lien for the purchase money; or as creating an exception or limitation to the equitable doctrine of marshaling assets because of injustice to the

debtor, who, as the head of a family, is entitled under our exemption laws to have his homestead protected from sale except as in this case, for the purchase money. The practical effect of the judgment of the District Court is to have the homestead sold for the satisfaction of the mortgage, which was executed subsequent to the acquisition thereof, and invalid as to so much of the land as might be included in the homestead. The exemption of the homestead from forced sale will protect it from the application of the rule of equity above stated. Colby v. Crocker, 17 Kan., 527; La Rue v. Gilbert, 18 Id., 220; McLaughlin v. Hart, 46 Cal., 638; Brown v. Cozard, 68 Ill., 178; McArthur v. Martin, 23 Minn., 74; White v. Fulghum (Tenn.), 10 S. W. Rep., 504; Dickson v. Chorn, 6 Iowa, 19; Marr v. Lewis, 31 Ark., 203; McCrary v. Schaffer (Neb.), 41 N. W. Rep., 996; Bank v. Harding (Iowa), 53 N. W. Rep., 99; Flowers v. Miller (Ky.), 16 S. W. Rep., 705.

A different conclusion, however, has been reached in some other States. See Thompson on Homesteads and Exemptions, section 656, et seq.; to which may be added Bowen v. Barksdale (S. C.), 11 Southeastern Reporter, 640. But the protection of the homestead in such case is supported by the greater weight of authority and is more in consonance with the exemption laws of this State, if indeed the application of the doctrine contended for does not come within the positive prohibition of the Constitution and laws exempting such property from forced sale.

The mortgage was subject to the right of defendants to afterwards designate their homestead, and was valid only as to the excess of the land over the homestead. When Henkel and his wife conveyed the 70 acres to Cockrill, there still remained more than 400 acres out of which the defendants still had the right to designate a homestead of 200 acres. This right is prior to everything except the lien for the purchase money. The failure of the defendants to make the specific designation by metes and bounds until after the execution of the mortgage and the sale to Cockrill, does not affect the right of priority. The homestead was established by the occupancy as such of the entire tract, and became the homestead of defendants in every respect except as to the vendor's lien, which is shown to be the only prior lien or equity.

But although after the sale to Cockrill the defendants still had the right to designate the entire homestead of 200 acres out of the remaining land, yet they would be estopped by the deed to Cockrill, in which the wife joined, from asserting, as against him, an equity to have his land sold before the homestead.

The judgment of the court below should have been, that the land in excess of the homestead, less the tract sold to Cockrill, should be first sold and the proceeds applied first to the satisfaction of the purchase money and then to the payment of the mortgage debt, and should there

not be enough of such proceeds to satisfy the purchase money in full, then the homestead should be sold for any balance of the purchase money; and if there still remained any of the purchase money unsatisfied, after the sale of the homestead, then Cockrill's tract should be sold for such balance. Any excess on sale of the homestead for balance of the purchase money should be paid to the defendants. If, after the sale of the tract first ordered to be sold, any portion of the mortgage debt should remain unsatisfied, then the Cockrill tract should be sold for balance, and the excess of proceeds, if any, over such balance, should be paid to Cockrill. In no event should the homestead be sold for any part of the mortgage debt.

There was no error in computing 10 per cent attorney's fees on such amount of the purchase money as was found to be due when the judgment was rendered. But legal interest should have been allowed upon the offsets in favor of the defendants.

The judgment of the court below will be reversed, and such judgment here rendered as should have been rendered by that court.

*Reversed and rendered.*

Delivered April 12, 1894.