CRAWFORD v. SPRUILL et ux. (No. 5660.)*

(Court of Civil Appeals of Texas. San Antonio. May 31, 1916. Rehearing Denied June 22, 1916.)

1. MORTGAGES &⟶513 — FORECLOSURE SALE — PROPERTY TO BE SOLD.

Defendants, owning a tract of 413 acres, executed a deed of trust on the entire tract to secure the payment of a note, and thereafter executed to the plaintiff a deed of trust on the entire tract to secure a note, and thereafter conveyed 199 acres of the 413-acre tract, partly for vendor's lien notes and the purchaser's assumption of the first deed of trust, and thereafter sold to the plaintiff the purchaser's lien notes, with the usual indorsements, and conveyed their equitable title to the plaintiff, warranting that the notes were the only lien on the land, except the first mortgage note, whereupon the

plaintiff released his deed of trust covering the entire tract. The house was situated on the part sold, but thereafter the owner built a house and intended to claim 200 acres from the remainder of the tract as a homestead. On default on the first note and in the plaintiff's suit to restrain the sale, the holder of such note on the court's order transferred it to the plaintiff. *Held*, in plaintiff's suit for judgment on the first mortgage note, that he was entitled, as against the defendants, to have the 199 acres sold first and the proceeds applied to the payment of the purchaser's notes, prior to the first mortgage note; the defendants being estopped to claim as against plaintiff that the 199 acres should be applied to the first mortgage note.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1516; Dec. Dig. ☞513.]

2. DEEDS ☞90—CONSTRUCTION.

A construction least favorable to the grantor will be adopted when the intention is doubtful.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 234–237, 247, 248; Dec. Dig. ☞90.]

3. HOMESTEAD ☞213—PLEADING—SUFFICIENCY.

In a suit to restrain a sale under a deed of trust, and for judgment on a first mortgage note, foreclosure of the deed of trust, and of vendor's liens assigned to the plaintiff, where the issue was which part of a tract should be first sold, an answer that it had been the intention of defendants from the time of their execution of the first mortgage on the entire tract to sell off a part of the tract sufficient to pay such indebtedness and out of the remainder to create a homestead, and that they claimed 200 acres of the 213 acres remaining after a sale of 199 acres, subject to a first mortgage, was insufficient, as against a general demurrer, to show a homestead in 200 acres of the remaining 213 acres.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 394–396; Dec. Dig. ☞213.]

Appeal from District Court, Frio County; J. F. Mullally, Judge.

Suit by W. L. Crawford against A. J. Spruill and wife to restrain a sale of land under a deed of trust, in which the holder of the deed was required to transfer the rights to the plaintiff, with amended original petition for judgment as assignee of a mortgage note, foreclosure of a deed of trust, and of vendor's liens. Judgment for plaintiff on both causes of action and for the foreclosure of both liens, but ordering a sale and an application of the proceeds as prayed by defendants, and plaintiff appeals. Reversed and rendered.

Scott & Dodson, of San Antonio, and S. T. Dowe, of Pearsall, for appellant. S. T. Phelps, of Pearsall, and John L. Dannelley, of Laredo, for appellees.

MOURSUND, J. On June 26, 1912, A. J. Spruill and wife owned a tract of land of 413 acres in Frio county, Tex., and on that date executed, in favor of Wm. Boon and I. H. Clemons, a deed of trust on the entire tract to secure them in the payment of a $2,-300 note. On January 9, 1913, Spruill and wife executed to W. L. Crawford a deed of trust on said 413 acres of land to secure him in the payment of a note for $1,365. On

May 7, 1913, Spruill and wife conveyed to H. Hurst 199.3 acres out of the 413-acre tract. The consideration was recited in said deed, as follows:

"One thousand dollars cash in hand paid, the receipt of which is hereby acknowledged, and one vendor's lien note for the sum of $500 this day given, by said H. Hurst, due January 1, 1914, bearing 8% interest. Said note made payable to A. J. Spruill or order. And the assumption of one outstanding deed of trust against said land promising to pay same for the sum of $2,300 due June 26, 1915, bearing interest at the rate of 10% interest. Also three vendor's lien notes this day given by the said H. Hurst to A. J. Spruill against said land for the sum of $2,088, divided into three equal payments as follows: Note 1, due May 7, 1917, for $696; note No. 2, due May 7, 1918, for $696; note No. 3, due May 7, 1919, for $696, all notes bearing interest at the rate of 8% (eight per cent.) interest payable annually as it accrues, both notes and interest payable at Dilley, Texas."

A vendor's lien was expressly reserved to secure the payment of "the above-described notes."

On July 1, 1913, Spruill and wife sold to W. L. Crawford the four vendor's lien notes executed by Hurst, and conveyed to said Crawford, by a written and properly executed conveyance, the equitable title of Spruill and wife, existing by reason of the lien expressly retained in the deed of trust to Hurst, warranting "that said notes are the first and only lien on said land except the $2,300 in said deed assumed." In consideration of this transfer, Crawford released the deed of trust held by him covering the entire 413 acres, making up the difference in amount by payment of money or its equivalent.

At the time Spruill acquired title to the 413-acre tract of land it had a house and other improvements on it, and about 65 acres in cultivation. The house was situated upon, and the cultivated land was a part of, the 199.3-acre tract sold to Hurst, and said tract was all under fence. The remainder of the 413-acre tract was not under fence, but was inclosed in a larger pasture and was used by Spruill and wife for pasturing their stock, and otherwise in connection with their home. No part of said 413 acres was set apart or designated for homestead purposes, but it was all used for said purposes continuously up to May 7, 1913, when Spruill and wife executed the deed to Hurst for the 199.3-acre tract. At the time Spruill and wife executed the deed, "they were using, and intended to claim and use, for homestead purposes, 200 acres out of the remainder of the 413-acre tract, and shortly after making the deed to Hurst—three weeks or a month afterwards— the defendant Spruill fenced the remainder of the tract amounting to about 213 acres, and about December 1, 1914, constructed a small house on said tract and used it for pasturing stock and otherwise for homestead purposes and lived there a part of that time, and continuously and uninterruptedly from

the execution of the deed from Hurst intended and have intended to claim and use this property for homestead purposes." Spruill and wife have no other property than the 213 acres which they own or can claim as a homestead, and they have designated 200 acres of the 213 as their homestead.

Default was made in the payment of interest on the $2,300 Boon-Clemons note, and Boon, who had acquired the interest of Clemons, declared the note due, and requested the trustee, John L. Pranglin, to sell the land to satisfy the debt, instructing the trustee to first sell the 199.3 acres and apply the proceeds to the satisfaction of his debt; and, if such proceeds failed to satisfy his debt, then to sell the remaining 213 acres and apply the proceeds thereof to the satisfaction of the balance unpaid. The trustee advertised the land for sale in accordance with these instructions. Crawford instituted this suit to restrain the sale by the trustee of the land in the manner advertised, upon the ground that such sale would prejudice the sale of the four vendor's lien notes held by him which were secured by a lien on the 199.3 acres, and prayed that Boon be required to transfer to him the $2,300 mortgage note and his rights under the deed of trust. On January 2, 1915, Hon. J. F. Mullally, judge of the Forty-Ninth judicial district, granted Crawford the relief prayed for to the extent of requiring Boon to accept from Crawford the amount of his debt and to transfer the note and rights under the deed of trust to Crawford, without recourse on him, Boon, with which order of the court Boon complied.

Crawford, thereafter, in the same suit filed his first amended original petition in which he sought to recover judgment on the $2,300 Boon-Clemons note, foreclosure of the deed of trust lien on the 413 acres, and also judgment on the four vendor's lien notes, and foreclosure of his vendor's lien on the 199.3 acres. He prayed that the 213.7-acre tract be first sold and the proceeds applied, first, to the payment of one-half of the costs of suit, second, to costs of sale, third, to the satisfaction of the Boon-Clemons note and lien, and the surplus, if any, to be paid to Spruill; that if such proceeds should prove insufficient to satisfy the three items named, then that the 199.3 acres be sold to satisfy the balance of the Boon-Clemons note, and the surplus, if any, from such sale be applied to the satisfaction of the debt evidenced by the vendor's lien notes. He prayed, in the alternative, that if the court should hold that said 199.3 acres ought to be sold first, then that the proceeds of such sale be applied, first, to one-half of the costs of the suit, second, the costs of sale, third, to pay and satisfy all the debts evidenced by vendor's lien notes and, fourth, to the payment pro tanto on the indebtedness represented by the Boon-Clemons note, and that plaintiff then have foreclosure and sale of said 213.7-acre tract for the payment of lien against the same represented by said Boon-Clemons note and deed of trust. He further prayed, in the alternative, that in either event he should have a foreclosure of both of his liens and that however said property might be sold that the proceeds thereof be applied, first, to the satisfaction of plaintiff's lien on the 199.3-acre tract of land, and, second, to the satisfaction of his first lien on said 213.7-acre tract, and prayed for general relief.

Spruill and wife admitted the execution of the Boon-Clemons note and the deed of trust given to secure the same; that appellant was the holder of the note and lien; that the note was due and unpaid, and that they were liable thereon. They also admitted all the facts relied upon by Crawford for recovery on the four vendor's lien notes and foreclosure of his lien, and Spruill admitted his liability as an indorser on the four notes. They then plead the facts hereinbefore set out, with the exception that the pleadings, with reference to homestead, do not show the facts as fully as the evidence hereinbefore detailed, and it will be necessary to state what was pleaded with reference to this matter, because objection thereto is presented by the first assignment of error. The allegation is as follows:

"That it has been the intention of these defendants, husband and wife, from the time of the execution of the mortgage in favor of Wm. Boon and I. H. Clemons, to sell off a portion of said 413-acre tract, sufficient to pay off said indebtedness, and out of the remainder of said land create and have a homestead, which they are entitled under the law, and the same to be exempt from execution; and they here and now claim and set up as their homestead 200 acres of said 213 acres remaining after the sale to Hurst, subject only to its secondary liability for the $2,300 indebtedness now held by the plaintiff, W. L. Crawford, as the assignee of the defendant, Wm. Boon."

They prayed that the 199.3 acres be first sold and the proceeds applied, first, to the satisfaction of the Boon-Clemons note and lien, second, to the satisfaction of the four Hurst vendor's lien notes, and if such proceeds should prove insufficient to satisfy the Boon-Clemons note, that the 213.7 acres be sold to satisfy the balance unpaid and the surplus, if any, be paid to Spruill and wife.

The court rendered judgment for Crawford on both of his causes of action and for foreclosure of both liens, but ordered the land sold and the funds applied as prayed for by Spruill and wife.

[1, 2] By appropriate assignments, the appellant attacks the sufficiency of the pleadings and the evidence to sustain that part of the judgment whereby it was decreed that the proceeds of the sale of the 199.3-acre tract be applied first to the satisfaction of the judgment on the Boon debt.

We think it is clear that the rights of the parties are not affected in any way by the fact that Boon as holder of the $2,300 debt had undertaken to sell the 199.3 acres first, and had caused the trustee to advertise that

the sale would be so made. The sale was not consummated, and no rights can be predicated upon the attempt to make the same.

As between Hurst and the Spruills, the latter had the right to have the 199.3 acres sold for the payment of the Boon debt and also the Hurst notes. If the proceeds proved insufficient to pay both debts, the Spruills would lose part of the debt evidenced by the Hurst notes; for the Boon debt was their debt as well as Hurst's debt. But they sold the Hurst notes to Crawford for $2,618.50, and such notes were indorsed to Crawford.

In addition, Spruill and wife conveyed to Crawford the notes and the superior title held by them in the 199.3 acres of land by virtue of the conveyance to Hurst, warranting that "said notes are the first and only lien on said land (except the $2,300 in said deed assumed)." Appellee contends that this instrument vested in Crawford only the right to subject the balance of the proceeds of the 199.3 acres to the payment of the notes purchased by him, after satisfying the Boon debt out of such proceeds. This contention appears to us to be founded on the theory that the Spruills should be construed to have, in the conveyance to Crawford, expressly contracted that Crawford should rely upon Spruills' indorsement of the notes, and a lien on the 199.3 acres second to the lien for the Boon debt. This is a construction most favorable to the grantors, but the rule is that the construction most unfavorable to the grantor will be adopted when the intention is doubtful. As between Hurst and the Spruills, the Boon and Hurst debts were placed by the contract evidenced by the vendor's lien deed upon terms of equality as both debts represented the consideration for the land. The Spruills, as long as they owned the Hurst debt, could subordinate the same to the payment of the Boon debt; but, when they sold the Hurst debt and received the proceeds, their right to subordinate such debt to the Boon debt ceased, unless it was expressly reserved by contract. The contract cannot be construed to contain any such reservation. A personal warranty was made that the Hurst debt constituted the only lien on the land, except the lien to secure the Boon debt. This warranty cannot be construed into a reservation of the right to demand that the Boon debt be first paid out of the proceeds of the 199.3 acres of land. Therefore, if the Hurst notes had been indorsed without recourse, it appears clear that the Boon debt and the Hurst debt, as between the Spruills and Crawford, would have been entitled to share ratably in the proceeds of the 199.3 acres. Martin v. Gray, 159 S. W. 118, and cases therein cited. But, in this case, the Hurst notes were indorsed by usual indorsement.

In addition, Spruill and wife conveyed to Crawford the superior title to the 199.3 acres retained in the deed to Hurst, authorizing him to release the same upon payment of the Hurst notes. It is contended by appellant that the retention of the vendor's lien to secure the above-described notes, when considered in connection with the wording of the consideration clause, evidenced an express lien only to secure the Hurst notes, and that the Boon debt was secured only by an implied lien. Be this as it may, there is nothing in the transfer of the superior title which evidences an intention to limit the effect of the contract of guaranty evidenced by Spruill's indorsement; on the contrary, the transfer shows an intention to expressly waive the vendor's lien retained in the Hurst deed in so far as it had theretofore existed as security for the Boon debt. Thus, the waiver by Spruill of any existing lien in his favor, implied from the transfer by usual indorsement of the Hurst notes, is reinforced by the actual waiver evidenced by the transfer of the superior title.

We conclude, therefore, that Crawford was entitled, as against the Spruills, to have the 199.3 acres sold first and the proceeds applied to the payment of the Hurst notes prior to the Boon debt, unless the fact that the Spruills, before conveying to Crawford the Hurst notes, acquired a homestead on the remaining 213 acres requires the application of a different rule.

[3] We do not think the answer is sufficient, as against even a general demurrer, in so far as it attempts to set up the acquisition of homestead rights in 200 acres out of the 213-acre tract. No facts are pleaded which show that prior to the transfer of the Hurst notes any homestead right attached to said land. But had the pleading been sufficient, we think the decision would have been the same. After making the conveyance to Hurst, the Spruills made their home on the 213-acre tract. They had received $1,000 in cash from Hurst, his notes heretofore described, and his contract of assumption of the Boon debt, and had retained the superior title to the 199.3 acres of land. They sold, for a consideration of $2,618.50, the notes and with them conveyed to Crawford the superior title to the 199.3 acres. As a part of this consideration of $2,618.50 Crawford released his deed of trust lien, which, while it might have been invalid as to the 199.3 acres, on the ground that it was homestead at the time the deed of trust was executed, or may have been invalid as to 200 acres to be designated, which, however, would have had to include the house and improvements on the 199.3 acres, was valid as to all land not homestead, and undoubtedly a valid lien upon a large portion of the 200 acres now claimed as a homestead. By this contract they secured $2,618.50, and agreed, according to the legal effect of the indorsement of the notes and transfer of the superior title, that the proceeds of the 199.3 acres should, if Hurst failed to pay his notes, be

used first to reimburse the person who paid the $2,618.50, or his assigns. They sold and conveyed the notes and superior title by an instrument executed with the formalities necessary in the case of a sale of the homestead itself. We think that the Spruills are in the same position, so far as Crawford is concerned, as if, instead of selling to Hurst, for a consideration largely to be paid, they had sold to Crawford the 199.3 acres for a cash consideration. In such a case, Crawford could have demanded that the 213 acres be first sold for the satisfaction of the Boon debt. Henkel v. Bohnke, 7 Tex. Civ. App. 16, 26 S. W. 645. The Spruills would have been estopped to assert as against Crawford an equity to have his land sold before the homestead. And in this case we think they are estopped to claim as against Crawford that the 199.3 acres should be applied first to the Boon debt.

The judgment of the trial court will be reversed and judgment here rendered in all respects the same as was rendered by the trial court, with the exception that the 199.3 acres will be ordered sold first, and the proceeds applied, first, to the payment of one-half of the costs herein incurred; second, to the payment of the debt evidenced by the Hurst notes; and, third, to the payment of the Boon debt and the other half of the costs, and the remainder, if any, is to be paid to defendant H. Hurst. If the proceeds of such sale be insufficient to pay the Boon debt and the other half of the costs, then the 213-acre tract, or so much thereof as may be necessary, shall be sold and the proceeds applied to the satisfaction of the remainder due on the Boon debt and one half of the costs. Any excess from the sale of the 213-acre tract shall be delivered to Spruill and wife.

Reversed and rendered.