CHANDLER et ux. v. YOUNG et al.
(No. 6114.)

(Court of Civil Appeals of Texas. Austin. Nov. 26, 1919.)

1. HUSBAND AND WIFE ⊜270(5)—PARTIES TO ACTION ON COMMUNITY DEBT.

A wife is not a necessary party to suit upon a note given for a community debt and to foreclose a mortgage on community property.

2. HUSBAND AND WIFE ⊜270(7)—RIGHT OF HUSBAND TO ANSWER FOR WIFE IN ACTIONS INVOLVING COMMUNITY.

In an action on a note given for a community debt and to foreclose a mortgage on community property, a husband has the right to answer for his wife, though she has not been cited.

3. JUDGMENT ⊜429—NECESSITY OF PLEADING DEFENSE.

Usury being a defense which is required to be specifically pleaded, such issue cannot be raised for the first time in a suit to set aside the judgment on a note asserted to be usurious.

4. JUDGMENT ⊜744—CONCLUSIVENESS AS TO AMOUNT DUE ON NOTE.

A judgment in an action on a note and to foreclose a mortgage held conclusive as to the amount due on the note and the right to foreclose the lien.

5. HUSBAND AND WIFE ⊜270(10)—ACTION ON COMMUNITY DEBT; PERSONAL JUDGMENT AGAINST WIFE.

A husband has no right to appear for his wife in an action on a note given for a community debt and to foreclose a mortgage on community property, so as to give the court jurisdiction to render personal judgment against the wife.

6. MORTGAGES ⊜529(3) — SETTING ASIDE FORECLOSURE SALE; STIFLING COMPETITION.

A complaint setting out that one of defendants represented to plaintiffs that he would buy in the entire property which was being sold to foreclose a mortgage lien and allow them to redeem, etc., held to state a good cause of ac-

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

·tion against such defendant, who did not carry out the agreement to have the sale set aside as to him; it appearing that by reason of the agreement competition was stifled.

7. HOMESTEAD ☞108 — EFFECT OF DESIGNATION ON MORTGAGED LAND.

Where mortgagors designated a homestead on a portion of the mortgaged premises, their homestead right became perfect, except as to the mortgage, and on foreclosure they are entitled to have the land outside the homestead first sold.

8. MORTGAGES ☞530—RESALE AFTER SETTING ASIDE FORECLOSURE SALE; SALE IN PARCELS.

Where mortgagors established a homestead on part of the mortgaged premises, and on foreclosure one of the defendants agreed that he would buy in the property if sold as a whole and allow the mortgagors to redeem, but did not carry out his agreement, *held* the mortgagors were not, where the land was resold, etc., entitled to have that portion exclusive of their homesteads sold in separate parcels pursuant to Rev. St. 1911, art. 3756.

Jenkins, J., dissenting in part. ·

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Action by R. F. Chandler and wife against Mrs. Mary Young and another. From judgment sustaining a general demurrer to the petition, plaintiffs appeal. Reversed and remanded.

Adams & Stennis, of Dallas, for appellants.
J. W. Young, of Crockett, and A. B. Geppert, of Teague, for appellees. ·

JENKINS, J. This is an appeal from a judgment sustaining a general demurrer to appellants' petition. Appellants are and were, during all the times herein referred to, husband and wife.

The petition alleges in substance that the appellants executed their note for $6,600, with 8 per cent. interest thereon, for a loan of $5,800, and that the remainder of the note was for usurious interest; that the note provided that upon failure to pay any installment of interest the holder thereof had the option to declare both principal and interest due; that default was made in the payment of interest, as provided in said note; that Mrs. Young, the holder thereof, brought suit against both appellants on said note, and to foreclose a mortgage given by appellants to secure same.

That no citation was served on appellant Emma E. Chandler, and that she did not appear nor file an answer, and did not authorize any one to do so for her. That her husband, R. F. Chandler, employed an attorney, who filed an answer for both appellants, but that the same was done without her knowledge or consent.

That the plaintiff recovered judgment for the principal and interest of the note sued on, and foreclosure of the mortgage lien, and recovered a personal judgment against appellant Mrs. Emma E. Chandler, for the full amount of said note and interest, to wit, the sum of $7,730.

That the debt for which the note was given was the community debt of appellants, and was in no wise for the benefit of the separate estate of appellant Mrs. Chandler.

That the land mortgaged to secure said note was the community property of appellants, and was not at the time of the execution of such mortgage the homestead of appellants, but that they acquired a homestead therein several months prior to the sale thereof under an order of sale issued on said judgment, and that they were living on same as their home at the time of said sale, and at the time of filing their petition herein. That there were 800 acres of said land.

That said land was offered for sale by the sheriff on December 7, 1915, by virtue of an order of· sale issued on said judgment; and that R. F. Chandler at said time, and prior to said sale, demanded that the same be sold in lots or parcels, according to a plat and field notes of such parcels-made by the county surveyor, such lots or parcels being not less than 50 acres each; and that the same would have been so sold by said sheriff, but for the fact that appellee Riley agreed with appellant R. F. Chandler that if he would withdraw said demand, he, Riley, would bid the land in, as, a whole, and would convey the same·to him, Chandler, upon the payment to him, Riley, within 30 days, of the amount of his bid, with interest thereon. That appellant R. F. Chandler, relying upon said promise, withdrew his demand that the land be sold in parcels, and that the same was sold in bulk, by reason of which competition was stified, and the land was sold to Riley for a grossly inadequate price, to wit, the sum of $8,200, when the same was reasonably worth the sum of $30,000. That had the land been sold in parcels a sufficient amount to pay off the judgment would have been realized without selling appellants' homestead of 200 acres.

That Riley breached his contract to convey the land to appellants in this: He well knew at the time of making said agreement that appellants' only means of raising said money was by executing a mortgage on said land. That appellant R. F. Chandler arranged with a mortgage company for a loan on said land, for $8,000, outside of his homestead, and consummated arrangements for money to pay Riley the remainder of his bid on said land. That said mortgage company offered to deposit with said Riley $8,000, provided he would sign a written contract to convey said land to R. F. Chandler, upon his being paid

the remainder of the money, principal and interest, paid by him for said land, and that Riley refused to sign such contract; by reason of which, appellants were prevented from obtaining said loan.

Appellants further allege that Riley did not intend to comply with his agreement to transfer the land to R. F. Chandler at the time he made the same, but that he made such agreement for the fraudulent purpose of obtaining a deed to said lands for a grossly inadequate consideration.

The foregoing is the substance of the material allegations of appellants' petition, as the same must be construed as against a general demurrer, and which, for the purposes of such demurrer, are admitted to be true.

We hold:

[1] 1. That Mrs. Chandler was not a necessary party in the suit, upon the note given for a community debt, and to foreclose a mortgage on community property.

[2] 2. In such suit the husband had the right to answer for his wife, though she had not been cited.

[3] 3. Usury being a defense which is required to be specially pleaded, such issue cannot be raised for the first time in a suit to set aside a judgment.

[4] 4. The issue as to the amount due on the note and the right to foreclose the mortgage lien on all of the land is res adjudicata.

[5] 5. Mrs. Chandler not having been cited, her husband had no authority to appear for her as to the right of the court to render a personal judgment against her.

[6] 6. The allegations of the petition show good cause for setting aside the sale to appellee Riley.

[7] 7. That such allegations show good cause for requiring the land outside of appellants' homestead to be first sold, if the appellants shall first designate their homestead.

It is the settled policy of this state to protect homesteads from forced sales. This includes the policy of encouraging the acquisition of homesteads, where it can be done without injustice to those who have acquired liens upon lands subsequently dedicated to homestead purposes.

When appellants established their homestead, upon the lands previously mortgaged, their homestead right became perfect, except as to the right of the mortgagee to collect her debt from the proceeds of such land. If this can be done, without selling the homestead equity, conforming to public policy, requires that it shall be done. King v. Hapgood, 21 Tex. Civ. App. 217, 51 S. W. 534, 535; Henkel v. Bohnke, 7 Tex. Civ. App. 16, 26 S. W. 645; Pridgen v. Warn, 79 Tex. 594, 15 S. W. 559.

If upon the trial of this cause, the facts alleged in the petition are shown to be true, the trial court should hold:

(a) That the judgment in favor of Mrs. Young, establishing her debt and foreclosure of her mortgage lien on all of the land, is res adjudicata.

(b) That the sale to Riley should be set aside.

(c) That an order of sale should be issued, requiring the land outside of the homestead, as designated by appellants, to be first sold, and, if the same should not bring enough to pay the debt, interest, and cost, that the homestead be then sold.

(d) That if the judgment in favor of Mrs. Young has been paid, from the proceeds of the sale to Riley, he be subrogated to her rights therein.

(e) That no execution should issue against Mrs. Chandler.

[8] In addition to what is above stated, the writer is of the opinion that in the sale of the land, exclusive of the homestead, appellant B. F. Chandler will have the right, if he so demands, to have the lands, exclusive of the homestead, sold in tracts not less than 50 acres, upon compliance with article 3756, R. S. To this the other members of this court do not assent.

For the reasons stated, the judgment of the court below is reversed and remanded. The court will proceed with said trial in the manner indicated in this opinion.

Reversed and remanded.

---

⬡➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes