### COLWICK et ux. v. WRIGHT et al. * (No. 230.)

(Court of Civil Appeals of Texas. Waco. April 23, 1925. Rehearing Denied June 4, 1925.)

1. Appeal and error ⬅═719(4)—Action of trial court in sustaining demurrer is entitled to consideration on appeal without formal assignment.

Action of trial court in sustaining general demurrer to plaintiffs' petition presented as fundamental error, apparent on face of record, was entitled to consideration on appeal without formal assignment of error.

2. Marshaling assets and securities ⬅═4—Execution creditor can require prior lien to be satisfied out of that portion of property not subject to his lien.

Ordinarily, execution creditor, holding junior lien on part only of property incumbered by prior lien, can require prior lien to be satisfied out of that portion of property not subject to his lien, and, if such property is insufficient to satisfy such prior lien in full, to have proceeds of sale of same applied as a credit thereon.

3. Marshaling assets and securities ⬅═3(2)—Right of execution creditor to require prior lien to be satisfied out of that portion of property not subject to his lien not applied to defeat homestead or other exemptions.

Right of execution creditor to require prior lien to be satisfied out of that portion of property not subject to his lien, and, if insufficient to satisfy such prior lien in full, to have proceeds of sale of same applied as credit thereon, will not be applied to defeat homestead or other exemptions.

4. Homestead ⬅═108—Debtor can have nonexempt property included in primary incumbrance exhausted in satisfaction thereof before resort is had to his exempt property.

Where debtor's property is subject to different liens, he has right to have nonexempt property included in primary incumbrance exhausted in satisfaction thereof before resort is had to his exempt property.

5. Homestead ⬅═108—Debtor's right to have nonexempt property included in satisfaction of primary incumbrance before resort is had to exempt property may be waived.

Debtor whose property is subject to several liens may waive his right to have nonexempt property included in primary incumbrance exhausted in satisfaction thereof before resort is had to his exempt property.

6. Homestead ⬅═108—Waiver of right to have nonexempt property first applied to satisfaction of primary lien depends on circumstances.

Waiver of right by debtor to have nonexempt property first applied to satisfaction of primary lien as against junior lienor depends on circumstances of particular case in which such waiver is claimed to have been made.

7. Homestead ⬅═108—Mortgagors held not entitled to have excess over homestead sold first and proceeds applied in satisfaction of vendor's lien.

In suits to foreclose vendor's lien and mortgage, mortgagors *held* not entitled to have excess over their homestead sold first and proceeds thereof applied to satisfaction of judgment foreclosing vendor's lien on entire tract and excess, if any, to be applied in satisfaction of mortgage debt on part of tract, where they failed to assert their homestead exemption and resulting rights in such suits.

8. Homestead ⬅═108—Mortgagors not prejudiced by failure to order separate and prior sale of mortgaged tract under order of sale on judgment foreclosing vendor's lien.

In suits to foreclose mortgage and vendor's lien, mortgagors suffered no actual injury by refusal of their demand for a separate and prior sale of mortgaged tract under order of sale on judgment foreclosing vendor's lien, under Rev. St. art. 3754, where proceeds of sale of such tract were insufficient to satisfy both liens in full, without sale of property claimed as homestead.

9. Mortgages ⬅═522—Mortgagors held not entitled to have their order on sheriff for surplus over bid arising from sale of mortgaged property accepted as cash.

In sale of property on foreclosure of mortgage and vendor's lien, mortgagors *held* not entitled to demand that proceeds of mortgage sale, after satisfying vendor's lien, should be turned over to them, and hence they were not entitled to have their order on sheriff at such sale for surplus over their bid, for the mortgaged property, accepted as cash, and sheriff merely complied with Rev. St. arts. 3771, 3772, by again offering property for sale and selling same to highest bidder.

10. Sheriffs and constables ⬅═111 — Sheriff properly placed purchaser at mortgage sale in possession of mortgaged premises.

Sheriff properly placed purchaser at mortgage foreclosure sale in possession of mortgaged premises, where it did not appear that sale to purchaser was invalid, or that it did not vest in him title thereto as against mortgagors.

11. Sheriffs and constables ⬅═170—Mortgagors held not entitled to actual or exemplary damages for manner in which sheriff executed writ of possession on mortgage foreclosure.

Mortgagors *held* not entitled to recover either actual or exemplary damages for manner in which sheriff executed writ of possession on foreclosure of mortgage, where there was no allegation that mortgagors suffered any actual damage by alleged improper execution of such writ.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Suit by J. H. Colwick and wife against W. W. Wright and others. From judgment of dismissal, plaintiffs appeal. Affirmed.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 4, 1925.

S. R. Carruth, of Meridian, and Callaway, Dalton & Callaway, of Dallas, for appellants.

J. P. Word, Geo. P. Robertson, and Jas. M. Robertson, all of Meridian, for appellees.

GALLAGHER, C. J. [1] This suit was instituted in the district court of Bosque county by appellants, J. H. Colwick and wife, Avilde Colwick, against appellees, Tom C. Parks and W. W. Wright, sheriff of Bosque county, and the sureties on his official bond, to recover actual damages in the sum of $5,000 and exemplary damages in the sum of $5,000. The parties will be designated as in the trial court. The defendants on the trial presented a general demurrer to plaintiffs' petition; the court sustained the same and dismissed the case. Plaintiffs excepted to such action of the court and filed an appeal bond. No motion for new trial was made, nor was any assignment of error filed, in the court below. The action of the trial court in sustaining said demurrer is presented as fundamental error, apparent on the face of the record, and entitled to consideration without formal assignment. Independent Farmers' Gin Co. v. Hander et al. (Tex. Civ. App.) 269 S. W. 1062.

Plaintiffs' petition covers 27 pages of the transcript. It contains much irrelevant matter. We submit a brief statement of the material facts therein alleged:

Plaintiffs owned 290 acres of land which they occupied as a homestead. Said land was incumbered' with a vendor's lien to secure a purchase-money note in the sum of $1,000. Subsequently, plaintiffs borrowed from defendant Parks the sum of $1,500 and secured the same by a mortgage on a certain 90 acres carved out of said 290-acre tract and described in said mortgage by metes and bounds. Said mortgage declared that the said 90 acres was not any part of plaintiffs' homestead. Said 90-acre tract so mortgaged contained all, or nearly all, the cultivated land on the entire tract and a well of water used by the plaintiffs for domestic purposes, but it did not include the family residence nor the outbuildings appurtenant thereto. Said 90-acre tract was so located as to divide the remaining 200 acres of said original tract into two separate and distinct parcels. Each of said separate parcels contained approximately 100 acres of land. There is attached to plaintiffs' petition a plat of the entire 290-acre tract, showing the location of the 90-acre tract and each of the two remaining tracts. One of said remaining tracts is shown to have been located west of the 90-acre tract and to have run practically parallel therewith to a point 230 varas from the north line of the 90-acre tract and the south line of the other separate tract. The home of plaintiffs was located on this west tract. The other of said remaining tracts was shown to have been located immediately north of said 90-acre tract. The said vendor's lien originated in plaintiffs' purchase of the property in 1910, and the mortgage lien originated, as aforesaid, in 1920.

Defendant Parks, on February 11, 1923, purchased the vendor's lien note and immediately brought suit against plaintiffs to recover the amount thereof and to foreclose the vendor's lien on the entire tract. The docket number of this suit was 4559. On the same day and in the same court he brought suit against plaintiffs on said $1,500 note executed by them to him and sought foreclosure of his mortgage lien on the 90-acre tract. The docket number of this suit was 4560. These suits were severally prosecuted to judgment, orders of sale were issued and levied on the land described in said respective judgments, and such land was advertised for sale thereunder. The judgment in cause No. 4559, foreclosing the vendor's lien on the entire tract, was for the sum of $1,321.12, with interest from the date thereof and costs, and the judgment in cause No. 4560, foreclosing the mortgage lien on the 90-acre tract, was for the sum of $2,170.20, with interest from the date thereof and costs. It is expressly alleged that all the proceedings to this point were regular and valid. There is no allegation with reference to any issues presented and tried at the time said judgments were rendered. Neither was there any allegation that there was any provision in the judgment foreclosing the vendor's lien on the entire 290-acre tract establishing homestead rights as claimed by plaintiffs, or providing for the sale of said tract of land otherwise than as a whole.

According to the allegations of said petition, defendant Wright, in his capacity as sheriff, at the proper time and place, proceeded to further execute said orders of sale by offering the land therein described for sale according to law. He first offered for sale the 90-acre tract under the order of sale issued on the judgment of the court in cause No. 4560, which judgment foreclosed the mortgage lien on said tract of land. To such action of the sheriff plaintiffs objected as follows:

"Plaintiffs by their said attorney publicly objected to the 90 acres of land on which said mortgage lien was foreclosed being sold at that time to satisfy said mortgage lien, for the reason that the said sheriff then held in his possession an order of sale issued on a judgment of said district court in which a prior lien, to wit, above-named vendor's lien, was foreclosed against said 90 acres, 90 acres had been also levied on thereunder, and said sheriff pursuant to said levy had duly advertised it for sale at that time and place, and that the lien in said order of sale, to wit, in cause No. 4559, was a prior lien to that under which he was about to sell said land, and that plaintiffs were entitled to have said land sold first to satisfy said prior lien, and that to sell first under the said mortgage lien judgment would tend to cloud the title to said land and stifle bidding and pre-

vent bidders when it was offered under said vendor's lien judgment."

Defendant Parks demanded that the sheriff proceed to sell said 90-acre tract first under the order of sale issued on the judgment in cause No. 4560, and the sheriff did so. Said land was sold to the defendant Parks for the sum of $500, his bid in said sum being the only one offered. Defendant Wright then offered the 290-acre. tract for sale under the order of sale issued on the judgment in cause No. 4559. Objection to such action was interposed by plaintiffs as follows:

"Plaintiffs' attorney, S. R. Carruth, objected to the sale of the said 290 acres at one time publicly, and demanded of said sheriff that the 90 acres of said land in excess of their homestead, which was the 90 acres mortgaged to said Parks, in which mortgage plaintiffs had designated their remaining 200 acres as their homestead by declaring in said mortgage that said 90 acres was not any part of their homestead which consisted of 200 acres other than 90 acres, be first sold to satisfy said vendor's lien judgment."

Defendant Parks demanded that said sheriff offer said entire tract for sale as a whole, and the said sheriff thereupon declined to accede to plaintiffs' demand for a separate sale of said 90-acre tract. Plaintiffs, by their said attorney, then demanded that said 90-acre tract, together with the 100-acre tract lying immediately west of the same and upon which their residence was situated, be offered for sale together before offering the other or north tract for sale. This demand was refused and the entire 290-acre tract offered for sale as a whole. Plaintiffs' attorney, Carruth, offered $3,000 for said tract of land, and the same was declared sold to him on said bid. The sheriff demanded payment of the sum so bid and offered to make a proper deed to him to the land on such payment. Carruth offered to pay and tendered in cash the amount of said vendor's lien judgment, interest, and costs, and tendered to said sheriff therewith an order from plaintiffs to pay to him, the said Carruth, the remainder of the sum bid by him for said land. The sheriff declined to receive said order as equivalent to the payment in cash of the remainder of said bid and demanded the payment of the whole of said sum in cash. Carruth declined to pay cash in excess of the amount of said judgment, interest, and costs. Carruth was acting in making said bid, in offering said money and order for the payment of the remainder of said bid to him, and in demanding a deed to said land, for and in behalf of the plaintiffs and as trustee for them.

Defendant Parks demanded that the sheriff proceed to resell said land, and he again offered said land for sale under said original order of sale out of cause No. 4559, whereupon defendant Parks bid $1,000 therefor,

and the same was declared sold to him for said sum. The sheriff executed a deed, conveying said land to him, and such deed was duly delivered.

Some two weeks later the sheriff, by virtue of the direction contained in said order of sale to put the purchaser thereunder in possession, entered upon said tract of land and forcibly removed plaintiffs' possessions therefrom and turned said premises over to the defendant Parks. Complaint is made of the manner in which plaintiffs' property was removed from said premises, and it is charged that the same was willfully and unnecessarily exposed to danger of injury, but no actual injury thereto is alleged to have resulted.

Plaintiffs alleged that they were unable to raise the sum of $3,000 cash to pay for the entire tract as above set out. They do not allege that they were able to pay such sum as they might have been required to bid to secure the 90-acre tract and the west 100-acre tract if the same had been sold together, but say they would have had a better chance of being able to do so than they had of being able to raise the purchase price of the whole 290 acres.

They alleged in said petition that the 90-acre tract was not worth more than $2,000, if that much, and that their homestead was worth $5,000. They alleged that if the 90-acre tract had been sold separately under the order of sale issued on the judgment in cause No. 4559 foreclosing the vendor's lien, the same would have sold for enough to have discharged such vendor's lien in full, and that their homestead would have been thereby released. They did not contend that the said 90-acre tract so sold would have brought enough to discharge both the vendor's lien and the mortgage lien. According to their allegations, the actual value of said tract was less than the amount of the judgment recovered on the mortgage debt. They further alleged that the defendant Parks, after he had acquired title by sheriff's deed to the said 290-acre tract and possession thereof as aforesaid, fraudulently sold the same, and thereby fraudulently defeated their right to have said sale set aside and recover their said homestead, and that the same was thus put forever beyond their reach. They also alleged that all the acts of said sheriff were done in his official capacity, and that he and the sureties on his official bond were alike liable to respond in damages therefor. They further alleged that everything done in the premises by the sheriff was done at the instigation and demand of said defendant Parks, and that he was also liable to them in damages therefor. They prayed for actual damages for the loss of their homestead and for exemplary damages in addition, as hereinbefore shown.

Appellants contend that they were entitled

to have the excess over their homestead sold first and the proceeds of such sale applied to the satisfaction of the defendant's judgment foreclosing the vendor's lien on the entire tract, and that only the excess, if any, after satisfying the vendor's lien, was available in satisfaction of the mortgage debt. There is no allegation that such right was asserted in the foreclosure suits, or either of them, nor that any such issue was adjudicated in either of said suits. Plaintiffs' allegations show with reasonable certainty that they asserted such right for the first time when the sheriff was in the act of selling said property under said orders of sale. Appellees contended that the existence of the homestead exemption, if relied on to defeat the application of the proceeds of the sale of said property, or any part thereof, to the full satisfaction of defendant Parks' debts, should have been set up and claimed in said foreclosure suits, and the rights of the respective parties with reference to the manner of making such sales and the application of the proceeds thereof determined and directed therein.

[2-8] Ordinarily, an execution creditor holding a junior lien on a part only of property incumbered by a prior lien has a right, under the equitable rule of marshaling assets and securities, to require the prior lien to be satisfied out of that portion of the property not subject to his lien, and if such property is insufficient to satisfy such prior lien in full, to have the proceeds of the sale of the same applied as a credit thereon. This right, however, is an equitable one, and, by the great weight of authority, will not be applied to defeat homestead or other exemptions. In case of such exemptions, the debtor has a right to have the nonexempt property included in the primary incumbrance exhausted in satisfaction thereof, before resort is had to his exempt property. Pridgen v. Warn, 79 Tex. 588, 15 S. W. 559; Henkel v. Bohnke, 7 Tex. Civ. App. 16, 26 S. W. 645, 646; 26 Cyc. 933. This right is also classed as an equitable one and may be waived by the debtor. What will constitute a waiver of the right to have the nonexempt property first applied to the satisfaction of the primary lien, as against the junior lienor, depends on the circumstances of the particular case in which such waiver is claimed to have been made. It has been held that the sale and conveyance of a part of the property incumbered by the primary lien is a waiver of the homestead exemption as to the property so sold and the right to have it applied in satisfaction of such lien. Henkel v. Bohnke, supra; Smith v. Van Slyke (Tex. Civ. App.) 139 S. W. 619; Smith v. Owen, 49 Tex. Civ. App. 51, 107 S. W. 929 (writ refused). See also, in this connection, Pridgen v. Warn, supra; Crawford v. Spruill (Tex. Civ. App.) 187 S. W. 361 (writ refused); Christoff v. Chesley, 11 Tex. Civ. App. 122, 32 S. W. 355, 359.

We are unable on the issue of waiver to satisfactorily distinguish between the sale of the excess over the homestead, or a part thereof, and the mortgage of such excess for a valuable consideration with a covenant of warranty and a further covenant that the same is no part of the homestead. We do not deem it necessary to decide whether defendant's mortgage amounts to such waiver, because plaintiffs' right to have the excess sold first and applied to satisfy the vendor's lien debt covering the whole 290-acre tract is dependent on the existence of the homestead exemption, and the location of the property so exempt. Such exemption, and the right by virtue thereof to have the excess sold separately and the proceeds of such sale first applied in satisfaction of the vendor's lien, could have been asserted and adjudicated in such foreclosure suits. If the same had been so set up in such suits and plaintiffs' contention sustained, it would have limited the defendant Parks' right to subject the property to the payment of his judgments so as to secure the satisfaction of both of them in full out of the same, if he could. Such homestead exemption was therefore a partial defense to said Parks' demands, and as such should have been set up and determined in such foreclosure suits. Having failed to assert such exemption and resulting rights in said suits, no such limitation was imposed, and plaintiffs were precluded from availing themselves of the benefit of the same by demanding that the sheriff accept their contentions and claims and enforce the same at the sale. Baxter v. Dear, 24 Tex. 17, 22, 76 Am. Dec. 89; Nichols v. Dibrell, 61 Tex. 539, 541; Blair v. Guaranty Savings Loan & Investment Co., 54 Tex. Civ. App. 443, 118 S. W. 608, 610. There being no contention that the proceeds of the sale of the 90-acre tract were sufficient to satisfy both liens in full without a sale of the property claimed as homestead, plaintiffs suffered no actual injury by a refusal of their demand for a separate and prior sale of the same under the order of sale on the judgment foreclosing the vendor's lien.

This case is distinguished from Chandler v. Young (Tex. Civ. App.) 216 S. W. 484, 486, by the fact that it was there contended that all liens could have been satisfied in full without selling the land claimed as a homestead. The claim of homestead in that case was not interposed to defeat any part of the debts recovered in the judgments on which the orders of sale were based, nor to exempt the property so claimed from sale if necessary to satisfy such debts. In another action between the same parties, growing out of the same foreclosures and sale, it was held that notwithstanding a general foreclosure on an entire tract, the judgment debtor has the right to invoke the benefit of article 3754 of the Revised Statutes and to require the orders of sale to be enforced by selling the land foreclosed upon in parcels, as in case of or-

dinary executions: Chandler v. Riley (Tex. Civ. App.) 210 S. W. 716, 720. There is no contention in plaintiffs' petition that they complied with any of the requirements of said article, except the demand. We do not think such article is available where there is an entire failure to comply with its provisions concerning furnishing a survey of the land, field notes of the several parcels, and a plat showing the location of the same. Being of the opinion that plaintiffs do not by their allegations show themselves entitled to complain of the refusal of the defendant Parks and said sheriff to accede to their demand that the property be sold under said orders of sale in parcels as indicated by them, it is not necessary to determine whether a suit for damages, as attempted by plaintiffs in this case, was the proper method of seeking redress for any injury they may have suffered by reason of such refusal, or whether plaintiffs were required to bring an action to set the sales aside, as was done in the cases of Chandler v. Young and Chandler v. Riley, supra.

[9] The sale of the 90-acre tract under the order for the sale of the same, and the purchase of such tract by defendant Parks, vested in him an interest in the proceeds of the sale of the entire tract. Such interest could have been asserted and adjusted in a proper contest in court over the distribution of the proceeds arising from the sale of such entire tract. The sheriff was not required at his peril to determine the rights of the respective parties in and to such proceeds. Plaintiffs did not have a right to demand that the entire proceeds of such sale, after satisfying the vendor's lien, should be turned over to them, and were therefore not entitled to have their order on the sheriff for such surplus accepted as cash. It therefore appears from plaintiffs' allegations that they and their attorney failed to comply with the terms of the bid for the purchase of the entire tract, and the sheriff merely complied with the law by again offering the same for sale and selling the same to the highest bidder. R. S. arts. 3771, 3772.

[10, 11] Plaintiffs' allegations do not show that the sale of the entire tract to the defendant Parks was invalid, nor that such sale did not vest in him title thereto as against them. Such being the case, the sheriff properly placed him in possession of said property, in accordance with the terms of the judgment of foreclosure and the order of sale issued thereon. There is no allegation that plaintiffs suffered any actual damage by the alleged improper execution of such writ of possession by the sheriff. They therefore could not, under their allegations, recover either actual or exemplary damages on account of the manner in which the sheriff executed such writ of possession.

The action of the trial court in sustaining the general demurrer to said petition was proper, and its judgment is here affirmed.