PUGH v. WHITSITT & GUERRY et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 8, 1913.)

1. MARSHALING ASSETS AND SECURITIES (§ 3*) —EXEMPT PROPERTY.

As a rule the doctrine of marshaling securities will not be applied so as to deprive a debtor, who has not waived his rights thereto, of his homestead or exempt property.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

2. HOMESTEAD (§ 108*)—LIABILITIES—EXHAUSTION OF OTHER PROPERTY.

A debtor has the equitable right to have a chattel mortgage debt satisfied by a sale of the unexempt property mortgaged before resorting to the sale of the debtor's exempt property.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 167; Dec. Dig. § 108.*]

3. MARSHALING ASSETS AND SECURITIES (§ 3*) —EXEMPT PROPERTY.

The doctrine of marshaling assets will not be enforced so as to require a creditor, whose mortgage covers exempt and nonexempt property, to first resort to a sale of the exempt property, in order that other creditors not secured by such property may satisfy their claims out of the nonexempt residue, thus destroying the debtor's right to protect the exempt property.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

Appeal from Parker County Court; T. F. Temple, Judge.

Action by Whitsitt & Guerry against C. F. Pugh and another. From a judgment for plaintiffs and an unnamed defendant, the defendant named appeals. Reversed and rendered in part, and affirmed in part.

R. L. Stennis, of Weatherford, for appellant. Hood & Shadle and Preston Martin, all of Weatherford, for appellees.

DUNKLIN, J. Whitsitt & Guerry instituted this suit against C. F. Pugh for debt and foreclosure of a mortgage lien in plaintiffs' favor on certain cotton raised by the defendant during the year 1912. Plaintiffs alleged that the Farmers' Bank of Peaster had a prior mortgage on said cotton, and also on two mules, one wagon, and a cow, to secure a debt owing to it by Pugh, and the bank was made a defendant. Upon the equitable doctrine of marshaling securities plaintiffs prayed that the bank be required to disclose the amount of indebtedness due it by Pugh and secured by the mortgage in its favor, and that that indebtedness be satisfied first out of the proceeds of the sale of the

mules, wagon, and cow, and that the balance of said bank debt, if any, be satisfied out of the sale of the cotton, leaving the remainder of the proceeds of the cotton subject to plaintiffs' debt.

The bank filed an answer, in which it alleged the execution and delivery to it by Pugh of a promissory note and the mortgage as alleged in plaintiffs' petition, and prayed judgment against Pugh for the amount of the debt, together with foreclosure of the mortgage lien upon the property.

Pugh also filed an answer, alleging that he was the head of a family, and claiming the mules, wagon, and cow as exempt from forced sale to pay plaintiffs' debt. He prayed for judgment requiring the satisfaction of the bank's debt first out of the cotton before resort should be had to the mules, wagon, and cow, and that only such balance of the proceeds of the sale of the cotton as might remain after the satisfaction of the bank's debt should be subjected to the payment of the debt he owed the plaintiffs.

In obedience to a peremptory instruction by the trial judge, the jury returned a verdict in favor of the plaintiffs and also in favor of the bank against the defendant for their respective debts and for foreclosure of their respective liens, with direction that for the satisfaction of the judgment in favor of the bank the mules, wagon, and cow should be first sold, and the proceeds applied to the payment of that judgment, that the cotton should then be sold for the purpose of paying any balance that might remain unpaid on the bank's judgment, and that the proceeds of the sale of the cotton should be applied to the payment of the plaintiffs' debt to the exclusion only of such amount as might be required to satisfy the bank's debt after the application thereto of the proceeds of the sale of the mules, wagon, and cow. From a judgment rendered in accordance with this verdict, the defendant Pugh has appealed.

Substantially all the facts alleged in the pleadings, including those upon which defendant Pugh based his plea that the mules, wagon, and cow were exempt from forced sale, were established by the evidence, and the only question presented for our determination is, Did the court err in marshaling the securities as was done by the judgment? Evidently it is immaterial to the bank if the relief prayed for by Pugh is granted, and neither in the trial court nor here has the bank offered any resistance to that relief, thus leaving the question to be solved from the standpoint of the rights of the plaintiffs and defendant Pugh alone.

[1] In 26 Cyc. 933, it is stated in the text that it is held by the great weight of authority that marshaling securities can never be invoked so as to deprive the debtor of his homestead, or other exempt property, by a creditor with respect to whose lien there has been no waiver of such homestead or ex-

empt property, but that a number of authorities announce a contrary doctrine. This statement in the text seems to be correct. For an extensive collation of authorities upon the subject, in addition to the ones cited in Cyc., see 34 Cent. Dig. title "Marshaling Securities," col. 357; 12 Dec. Dig. title "Marshaling Securities," § 3. The only decision which we have found in our Texas courts bearing upon that question is the case of Henkel v. Bohnke, 7 Tex. Civ. App. 16, 26 S. W. 645, in which it was held that, as the practical effect in that case of enforcing the rule for marshaling securities would be to subject the homestead of the debtor to the satisfaction of a debt contrary to the exemption established by our Constitution and statutes, the equitable rule noted would not apply. We concur in the reasoning and conclusion there announced.

[2, 3] Prior to the execution of the mortgage to plaintiffs in this case, as between Pugh and the bank, the former had the equitable right to have the bank debt satisfied first out of the proceeds of the sale of the cotton before resort to the sale of his exempt property for the satisfaction of the bank's debt. King v. Hapgood Shoe Co., 21 Tex. Civ. App. 217, 51 S. W. 532; Pridgen v. Warn, 79 Tex. 588, 15 S. W. 559. Also, see decisions collated in 25 Cent. Dig. under title "Homestead," § 167, beginning in column 2300; and 10 Dec. Dig. title "Homestead," § 108. We are unable to perceive any reason for holding that the equity claimed by plaintiffs under the general rule governing marshaling securities is of superior dignity to the equity in favor of Pugh noted above. If the two equities are of equal dignity, then the one which arose first should prevail over the other, and, as Pugh's equitable right as against the bank to have its demand satisfied first out of the cotton before resort to the other security arose prior to the execution of plaintiff's mortgage, the equity claimed by plaintiffs was subordinate to such equity in favor of Pugh. 1 Pomeroy, Eq. Juris. §§ 413–417; 2 Pomeroy, Eq. Juris. §§ 678, 682, 718.

Accordingly that portion of the trial court's judgment requiring the satisfaction of the bank's debt first out of the proceeds of the sale of the mules, wagon, and cow, and that the balance, if any, remaining unpaid be satisfied out of the sale of the cotton, and applying the balance of the proceeds of the sale of the cotton, if any remaining, to the satisfaction of the plaintiffs' debt, is reversed, and it is here decreed that the cotton be first sold for the purpose of satisfying the bank's debt, and, if the proceeds of such sale be more than sufficient to satisfy that debt, the balance remaining shall be applied to the payment of the plaintiffs' debt, and that the mules, wagon, and cow be sold under the bank's foreclosure in the event only that the proceeds of the sale of the cotton be insufficient to pay the bank's judgment, and,

if sold, the balance of the proceeds remaining after the satisfaction of such unpaid portion of the bank's judgment shall be paid over to the defendant Pugh. In all other respects the judgment is affirmed.