## WHITEMAN et al. v. BURKEY et al.
### (No. 8526.)

(Court of Civil Appeals of Texas. Galveston. June 17, 1926.)

**1. Homestead ⬅️66.**

Exemption of homestead from forced sale for debts by Const. art. 16, § 50, is confined to homestead fixed in section 51, and excess can be subjected to sale for debts.

**2. Homestead ⬅️143.**

Children of deceased wife as against surviving husband and father can subject urban community homestead to forced sale for purpose of partitioning its excess value.

**3. Homestead ⬅️66.**

In sale of urban community homestead to partition excess value on petition of children of deceased wife, husband surviving, value of improvements is not subject to partition, since limitation on value in Const. art. 16, § 51, applies only to value of lots.

**4. Homestead ⬅️202.**

In case of partition of excess value of urban community homestead on petition of children of deceased wife, plaintiffs' interest in excess should be accounted for by awarding them other property of estate, and, if such property be not sufficient, surviving husband and father should be allowed to pay such excess, and retain his homestead right in whole property.

**5. Homestead ⬅️143.**

Children *held* not entitled to part of rental value of homestead proportionate to excess value from surviving husband and father, where children had no homestead right, since he was entitled to exclusive possession.

**6. Husband and wife ⬅️273(4).**

Community lands and property may not be sold to pay debt due on homestead of surviving husband.

**7. Husband and wife ⬅️273(9).**

Survivor of community can sell property of estate to pay community debts, but in selecting property to be sold and debts to be paid he cannot discriminate in his favor against heirs.

**8. Husband and wife ⬅️273(2).**

Refusing to partition community library and household furniture after decease of wife *held* error, since husband's right to deny possession of interest in community property to heirs of wife was limited to homestead, in view of Const. art. 16, § 52; Vernon's Sayles' Ann. Civ. St. 1914, arts. 3413, 3429.

**9. Homestead ⬅️145.**

Evidence *held* to sustain finding of jury that surviving husband did not abandon his homestead in the city, though he spent large portion of his time on his farm.

**10. Evidence ⬅️215(3).**

In suit by children for interest in deceased mother's estate, letter of father stating that he would waive homestead rights to city property *held* mere offer, and inadmissible.

Error from District Court, Harris County; J. D. Harvey, Judge.

Suit by Emy Burkey Whiteman and others against Fred J. Burkey and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

Certified question answered by Supreme Court in 282 S. W. 788.

S. H. Brashear, of Houston, for plaintiffs in error.

J. Dixie Smith and Johnson & Gilmore, all of Houston, for defendants in error.

PLEASANTS, C. J. This is a suit by plaintiffs in error, who are children of defendant in error and his deceased wife, to recover their one-half interest in the community estate of their deceased mother and the defendant in error, and to have partition of said estate, and for an accounting of the money of the estate collected by the defendant after the death of his wife.

The petition describes the real and personal property sought to be partitioned, and alleges the collection by the defendant of several specific sums of money which belonged to the estate.

For the purpose of understanding the questions discussed in this opinion, the contents of defendant's answer need not be further disclosed than to state that he pleaded a homestead right in property in the city of Houston, which will be hereinafter described, and also pleaded advancements made by him to the plaintiffs. He further claimed as exempt property, not subject to partition, his professional library and the household and kitchen furniture in the home in the city of Houston, which was the family homestead to the date of the death of his deceased wife, and is now claimed by him as his homestead. He also pleaded, in offset of plaintiffs' claim for money of the estate collected by him subsequent to the death of his wife, the amounts paid by him for taxes and insurance on the property of the estate.

The trial in the court below with a jury resulted in a verdict and judgment in favor of the defendant. The judgment which was entered on the verdict and additional facts found by the trial court disposes of the property in the city of Houston, which is described as part of lots 6, 7, 8, and 12 in block 116 in the city of Houston, and numbered and known as 1711 Preston avenue, as follows:

"It is therefore on this 26th day of February, A. D. 1923, ordered, adjudged, and decreed by the court, in accordance with said verdict, the evidence, and all the facts, that the above-described property be, and is hereby, set aside to defendant Dr. Fred J. Burkey as his homestead for the rest of his life, or so long as he shall elect to use or occupy the same as a home, and the same shall not be subject to partition so long as the said Dr. Fred J. Burkey shall elect to use or occupy said property as his home.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is further ordered, adjudged, and decreed by the court that defendant Fred J. Burkey, recover of and from the plaintiffs Emy Burkey Whiteman and her husband, F. M. Whiteman, Fred Henry Burkey, and defendant, Mrs. Francis Burkey Horning, the possession of the above-described property."

The judgment also awards to the defendant the use and possession of the library, and the furniture in said home "so long as he may elect to use the same." It is further adjudged that the plaintiffs are the owners in fee of an undivided one-half interest in said property and in other real estate described in the judgment, and orders and decrees that all of the community real estate described in the judgment, except the homestead above described, be sold for cash, and the proceeds of such sale be applied first to the payment of the community debts, which the court finds to be due by the estate, and which includes the sum of $1,109 due the defendant, and that the remainder of such proceeds be equally divided between the plaintiffs and the defendants. The decree appoints W. D. Walker commissioner to make sale of the property "and due report thereof to the court." All other relief sought by the plaintiffs is expressly denied, and all costs of suit are adjudged against them.

The evidence shows that the property set aside to the defendant as a homestead was occupied by the defendant and his deceased wife as their homestead for ten or twelve years. At the time the property was dedicated as a homestead the lot on which the house was erected and the home established was worth $6,500. The building placed thereon cost $10,000, and, in view of the increased costs of building, is now worth considerably more. The lot is only 41 feet in width, and is almost entirely covered by the building.

The first proposition presented in the brief of plaintiffs in error assails the judgment of the trial court on the ground that—

"The court should have ordered a partition of fifteen sixty-fifths of said property among the plaintiffs and defendants shown to own the same; and, if said property was shown to have been used as Fred J. Burkey's homestead, his exemption should have been limited to a portion represented by only $5,000 of the realty and the same proportion of the improvements."

[1] Section 51, art. 16, of the Constitution of this state, provides—

"that a homestead in a city, town, or village shall consist of a lot or lots not to exceed in value five thousand dollars at the time of their designation as a homestead, without reference to the value of any improvements thereon."

It has been uniformly held by our courts that the exemption of the homestead from forced sale for the payment of debts, as provided in section 50, art. 16, of the Constitution, is confined to the homestead as fixed and limited in section 51, above quoted, and that any excess in a homestead beyond the limits so fixed can be subjected to forced sale for the payment of debts.

[2] When this case was first considered by us, we were not fully satisfied that the children of a deceased wife had the right, as against the surviving husband and father, to subject the community homestead to forced sale for the purpose of partitioning the excess value of an urban homestead. In the hope that the Supreme Court might modify or limit their former construction of the constitutional provisions before cited so as not to require the sale of a homestead for the purpose of making partition among the heirs of the excess in the homestead, we certified the question to that court. In response to our certified question, the Supreme Court holds that the homestead involved in this case can be sold for the purpose of making partition of its excess value. Emy Burkey Whiteman et al. v. Fred J. Burkey (Tex. Sup.) 282 S. W. 788.

[3] This holding sustains plaintiffs' contention that the excess in the homestead should be partitioned, and that, if necessary for this purpose, the homestead can be ordered sold. In event of sale, however, for this purpose, no part of the value of the improvements would be subject to partition, since the limitation placed by the Constitution on an urban homestead applies only to the value of the lots.

[4] But in order to make a partition of this excess it may not be necessary to have the homestead sold. The trial court should first ascertain and determine separately the value of the improvements and the value of the lot. Plaintiffs are entitled to one-half of ¹⁵⁄₆₅ of the value of the lot only. If plaintiffs' interest in this excess value of the lot can be accounted for by awarding to them other property of the estate, this should be done. If there is no other property sufficient to account for this excess, defendant should be allowed to pay plaintiffs their portion of such excess and retain his homestead right in the whole property, and receive a proportionate increase in his interest in the fee. In event it becomes necessary to sell the homestead in order to effect a partition of this excess, the proceeds of such sale should be apportioned to the improvements and the lot in accordance with the respective values found by the trial court, and plaintiffs should be awarded one-half of ¹⁵⁄₆₅ of the proceeds of the sale of the lot. Wood v. Wheeler, 7 Tex. 13; North v. Shearn, 15 Tex. 175; Paschal v. Cushman, 26 Tex. 74; Hargadene v. Whitfield, 71 Tex. 482, 9 S. W. 475; Clement v. Bank (Tex. Sup.) 282 S. W. 561; Harrison v. Bank (Tex. Civ. App.) 224 S. W. 274.

[5] We cannot agree with plaintiffs in the contention that they are entitled to recover a one-half interest in ¹⁵⁄₆₅ of the rental value of the homestead since the death of their mother. None of the plaintiffs have a homestead right in the property, and, if the defendant is

entitled to hold the property as his homestead, he is entitled to its exclusive possession, and plaintiffs can only recover one-half interest in the excess value of the lot upon which the homestead is situated. The lot is incapable of partition, and plaintiffs have not been excluded from the possession of any portion of the property to which they were entitled, and have no valid claim for any portion of the rental value of the property.

[6] The trial court erred in directing the sale of other lands and property of the community for the purpose of paying the debt due upon the homestead. While our statute protects a surviving husband in the continued use and occupancy of the homestead which he occupies at the death of the wife, it does not, as against either the heirs or creditors of the estate, authorize the sale of other property of the estate for the purpose of paying debts secured by lien on the homestead. Property belonging to the heirs or liable for other debts of the estate cannot be sold and the proceeds applied to the payment of a debt for which the homestead is liable.

In its solicitude for the protection of a surviving wife, the statute authorizes the sale of any property of the estate, except that which she has herself mortgaged, to provide her with a homestead, but no such provision is made for the surviving husband.

[7] It is true that all of the property of an estate except that exempt by law is liable for all of the debts of the estate, and the survivor of the community can sell property of the estate for the purpose of paying community debts, but in selecting the property to be sold and the debts to be paid he cannot discriminate in his own favor against the interest of the heirs. The court was not authorized to order the sale of property to which plaintiffs were entitled to obtain funds for the protection of defendant's homestead right in which plaintiffs had no interest.

[8] We also think the court erred in refusing to partition the library and household furniture which belonged to the community estate. Upon the death of the husband the statute (article 3413, Vernon's Sayles') provides that all of the exempt property of the estate shall be set aside for the use and benefit of the widow and minor children. There is no such provision in favor of a surviving husband. His right to deny to the heirs of the wife possession of their interest in the community is limited to the community homestead. Const. art. 16, § 52; article 3429, Vernon's Sayles'.

[9, 10] The evidence amply sustains the finding of the jury that the defendant never abandoned his homestead in Houston. For a year or two prior to the filing of this suit the defendant spent a large portion of his time on his farm in Montgomery county, but had at all times possession and control of the Houston homestead. He often expressed a preference for country life, and stated to his son, one of the plaintiffs, that he wanted to live and die and be buried in Montgomery county. Shortly before this suit was filed, in a letter written by him in reply to a letter written him by counsel for plaintiffs in regard to a settlement of his wife's estate, he says:

"I am inclined to think the best way out of this dilemma is to sell the entire estate for what it will bring, for the reason that we will not owe over $14,000, all of which is due."

After further statements in the letter with reference to the property, debts, and funds of the estate, showing a necessity for the sale of property to pay the debts of the estate, he says:

"I cannot see how I can carry it without a bank credit, and I now have none, so I think it best to sell out everything, and will waive any homestead rights I may have in the Preston street property, for the purpose of quick adjustment, and retain my homestead here where I expect to end my days."

We do not think the statements in this letter show, or tend to show, an abandonment by defendant of his homestead rights in the Houston property, but amount only to an offer to surrender his homestead rights in that property, if plaintiffs would agree that he could retain a homestead in the Montgomery county property, and that the remainder of the estate should be sold for the payment of the debt. The trial court did not err in excluding this letter as evidence of defendant's abandonment of his Houston homestead.

What we have said disposes of the material questions presented by the record.

For the reasons indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.