In re Harold Dodson BOBBITT and wife, Jo Ann Bobbitt, Bankrupts.

Harold C. ABRAMSON, Trustee, Plaintiff,

v.

Harold Dodson BOBBITT and wife, Jo Ann Bobbitt, Defendants.

Bankruptcy No. BK–3–74–373–F.

United States District Court,
N. D. Texas,
Dallas Division.

March 30, 1976.

W. D. Masterson, Dallas, Tex., for plaintiff.

James S. Mahon, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

The bankrupts in this case ("Bobbitts") filed a voluntary petition in personal bankruptcy in August, 1974. The Bobbitts' principal asset was their home for which they claimed a homestead exemption. The home was purchased in 1969 for $121,222.44 at a time when the lot, exclusive of any improvements, was valued at $20,000. At the time of bankruptcy the Bankruptcy Court found that the lot had increased in value to $25,000, with the total value of the property set at $170,000. The Bankruptcy Court, applying a homestead exemption of $10,000 and the principles stated in *Hoffman v. Love, infra*, ruled that only $12,500 (i. e. $\frac{1000}{2000} \times 25,000$) was subject to the claims of general creditors whose unsecured claims amounted to $263,000. The Court further found, however, that Guardian Savings and Loan Association held a purchase money mortgage on the property in the amount of $62,000 and was entitled to satisfy their lien first out of the non-exempt portion. Since the general creditors held no equity in the non-exempt portion according to the Court's analysis, it abandoned the non-exempt portion.

The trustee has appealed the Bankruptcy Court's order, and he raises five points of error in the Court's disposition. This court finds that the Bankruptcy Court applied an incorrect homestead exemption figure, but otherwise his findings are correct and the result should be affirmed.

■ This court is of the opinion that the Bankruptcy Court incorrectly applied a $10,000 exemption to the bankrupts' claim of an urban homestead. The exemption in effect in August, 1969, at the time the homestead was established was $5,000. The subsequent increase of the exemption to $10,000 became effective on November 3, 1970,[1] and was not made retroactive. For the reasons stated in this court's opinion in *Valley Bank of Nevada v. Skeen*, 401 F.Supp. 139 (D.C.Tex.1975), I am of the opinion that the Bobbitts' exemption is limited to the $5,000 in effect at the time the Bobbitts established their homestead. The Bankruptcy Court's finding that the $10,000 exemption relates back is incorrect. Although the proximity in time between the homestead designation and the increase in the exemption tends to diminish the effects of the Bankruptcy Court's ruling in this case, the difficulties with such a rule is more manifest for homesteads established at much earlier times.

■ The trustee's second assertion of error is that the Bankruptcy Court incorrectly failed to allot any improvements to the creditors. The Court took the position that Texas homestead law protects all improvements and appreciation if the value of the lot, exclusive of improvements, was within

1. Vernon's Ann.Tex.Const. art. 16 § 51; Vernon's Ann.Civ.St. art. 3833.

the exemption maximum at the time the property became homestead. This court agrees with the Bankruptcy Court's statement of law on this point; however, there is a question of the applicability to the facts of this case since the value of the Bobbitts' lot exceeds the value of the maximum exemption. Although the Texas courts do not appear to have directly addressed this precise issue, the law of Texas seems to be that if any part of the lot is exempted, then all improvements are also exempted. The most recent Texas case of *Hoffman v. Love*, 494 S.W.2d 591 (Tex.Civ.App.—Dallas 1973) writ refused, n. r. e., affirmed this principle. The trustee's claim in that case, including interest, was in excess of $50,000. The exemption at the time of the homestead designation was $5,000 and the value of the lot at that time was $12,500. The lot with improvements was subsequently sold for $67,500 at a time when the court found that the lot was worth $36,750. Further improvements of $40,000 were added. We can infer from these facts that the value of the improvements at the time of bankruptcy was approximately $70,750 [($67,500 − $36,-750) + $40,000].[2] In *Hoffman*, both the trial court and the court of appeals limited plaintiff's recovery to $21,750, a figure which was reached by taking the original proportions of the exemption to the value of the lot (5000/12500 = 20/49), and multiplying that ratio by the current value of the lot ($36,750). It is clear that no value was allotted to plaintiff for the improvements. Moreover, the court stated, "According to our analysis, the exemption covers an *undivided 20/49 interest in the lot, plus all improvements . . . .*" [emphasis supplied.] A similar analysis of the leading case of *Whiteman v. Burkey*, 286 S.W. 350 (Tex.Civ.App.—Galveston 1926), writ ref'd, yields the same result.

The court's resolution of the trustee's grounds for error one and two resolves trustee's third ground for error.

The trustee's grounds four and five challenge the Bankruptcy Court's ruling that the proceeds from the non-exempt portions of bankrupts' homestead would be applied first to the first mortgage lien on the property which was in excess of $62,000. The trustee argues that the usual rules of marshalling assets should apply since the homestead law does not protect the property against the claims of a purchase money lienholder. In other words, the trustee wants to have the lienholder take his share from the exempt portions, leaving the entire non-exempt portion to the general creditors.

The Bankruptcy Court ruled that the bankrupt had an equitable right to force the lienholder to take his share out of the non-exempt portion first even though the effect is to destroy assets against which general creditors may have a claim. The Court cited several Texas cases for this proposition, all of which dealt with rural homesteads. The Court could find no reason for distinguishing rural from urban homesteads in this regard. The trustee argues that the effect of such a rule is to raise the statutory exemption from $5,000 to $5,000 plus the amount of the mortgage. Such a result, he contends, is particularly unjust on the facts of this case in which the bankrupt retain a $170,500 asset while discharging $263,000 in claims. The short answer to the trustee's contentions, whatever their general merit, is that they apply with equal force to the rural homestead, and the Texas courts have ruled otherwise. The court is unconvinced by the trustee's argument that a meaningful distinction can be built upon the fact that the urban homestead is limited to a dollar amount while the rural homestead has no relation to value. The force of the trustee's argument is diluted further by the Texas practice of allowing all improvements, whatever their value, to be exempted. The court finds no merit to the trustee's position that other allegedly unjust disparities between the treatment of rural and urban homesteads should lead this court to extend the disparities.

---

**2.** It is assumed, of course, that the $40,000 cost of improvements added $40,000 of value. Since the analysis requires only rough accuracy to illustrate the principle, this assumption is reasonable for such purpose.

For the reasons stated above and with the exceptions as noted, the court is of the opinion that the Bankruptcy Judge's opinion should be affirmed.