In re Gerald B. **GREENE** and Doris Greene, Debtors.

Bankruptcy Nos. 382–00617 M–7, 383–00266 M–11.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

June 11, 1984.

Elizabeth Bates, Dallas, Tex., for debtors. The intervenors' attorney was

Robert D. Lybrand, Dallas, Tex., for intervenors.

Charles L. Williams, III, Dallas, Tex., trustee.

## MEMORANDUM OPINION

ROBERT C. McGUIRE, Bankruptcy Judge.

The issue to be determined in this case is whether, under Texas law, a debtor has an equitable right to force an equitable lien arising out of a constructive trust to be satisfied first out of the excess or non-exempt portion of a homestead.

Findings of Fact and Conclusions of Law, on file herein, are incorporated by reference. This opinion contains additional findings of fact and conclusions of law. This matter was submitted to the Court based on a prior trial record and stipulations of facts of the parties.

On the issue involved in this opinion, the Trustee adopted the position of the debtors. However, under 11 U.S.C. 554(a) and (b), neither the Trustee nor the Court has authority to allow abandonment of property which is not burdensome or of inconsequential value to the estate. Therefore, the Trustee's position was considered as if it were aligned with Intervenors.

The following abbreviated fact summary will suffice to dispose of the narrow issue remaining for decision.

The debtors in this proceeding, Gerald and Doris Greene, filed for relief under Chapter 7 of Title 11 of the United States Code on May 14, 1982. On June 12, 1982, Charles and Joanne Smith ("the Smiths") filed with the Court an objection to the discharge of the debtors arising out of fraudulent acts of the debtors in the obtainment of funds used to purchase their homestead. On August 9, 1982, Colleen Ryan, Robert Giles, and Joe Massey ("Intervenors") filed a motion to intervene in the adversary proceeding filed by the Smiths. The intervenors' claim arose out of an alleged breach of a lease purchase agreement by the debtors and included an objection to the debtors' claim of exemptions. Upon final determination of the adversary proceeding, the Bankruptcy Court held that the Smiths were entitled to a money judgment against the debtors based on actual fraud and breach of a fiduciary duty. To secure the money judgment, the Court imposed an equitable lien and a constructive trust on the homestead and further held that the debtors could not resort to Texas homestead laws to circumvent the judgment of the court. In resolving the intervenors' objection to the exemption claim of the debtors, the Bankruptcy Court held that $7/12$ of the homestead lot was nonexempt. This determination was based on a $10,000 urban homestead exemption, provided by TEX. CONST. art. XVI, § 51 before its amendment effective November 29, 1983, and a finding that the lot was valued at $24,000 at the time of purchase. Under principles derived from Texas case law, $5/12$ of the lot and all improvements thereon were exempt and the remaining $7/12$ of the lot was held to be nonexempt as to the claim of the intervenors.

On January 15, 1984, pursuant to an Amended Order Authorizing Sale of Real Property Free and Clear of Liens, debtors sold their homestead for $165,000. Out of

these proceeds, the Smiths were paid in full, leaving a substantial balance of exempt and nonexempt proceeds. The nonexempt portion of the proceeds was $23,077.03, computed as follows:

$$\frac{\text{Statutory exemption}}{\text{purchase price of lot}} \times \text{appreciated value of lot} = \frac{\text{present}}{\text{exemption}}$$

See *Hoffman v. Love*, 494 S.W.2d 591 (Tex. Civ.App.—Dallas 1973, writ ref'd n.r.e.); *In re Bardwell*, 2 B.C.D. 769, 770 (Bankr.S.D. Tex.1976). By previous order of this Court, the statutory exemption was found to be $10,000 and the purchase price of the lot to be $24,000. The appreciated value of the lot is $39,562.88. When these figures are inserted into the above formula, $16,485.85 is the exempt portion of the lot and $23,077.03 is the nonexempt portion.[1]

The debtors now claim that they are entitled in equity, under Texas homestead laws, to a ruling that payment to the Smiths be made first from the $^7/_{12}$ nonexempt portion of the property.

Under 11 U.S.C. § 522(b)(2), an individual debtor may exempt from property of the estate any property that is exempt under state law where the debtor is domiciled. Where a debtor has claimed exemptions under state law, the Bankruptcy Court will properly look to the law of that state to make its determinations. *Matter of Reed*, 700 F.2d 986 (5th Cir.1983).

In Texas, it is well-settled that a debtor has an equitable right to force a purchase money mortgage to be satisfied by excess or nonexempt property before any attempt is made by the mortgagee to reach that which is exempt as homestead. *Kerens National Bank v. Stockton*, 120 Tex. 546, 40 S.W.2d 7 (1931); *Laubhan v. Alliance Life Ins. Co.*, 134 S.W.2d 788 (Tex.Civ.App.—Amarillo 1939, no writ); *Burg v. Hitzfeld*, 89 S.W.2d 272 (Tex.Civ. App.—San Antonio 1935, writ dism'd); *Colwick v. Wright*, 275 S.W. 152 (Tex.Civ.App. —Waco 1925, writ dism'd w.o.j.); *Chandler v. Young*, 216 S.W. 484 (Tex.Civ.App.— Austin 1919, no writ); *Pugh v. Whitsitt &*

*Guerry*, 161 S.W. 953 (Tex.Civ.App.—Fort Worth 1913, no writ). The policy behind this equitable right lies in the liberal interpretation traditionally given by Texas courts to homestead claimants. *See, e.g., Kerens National Bank v. Stockton*, supra, 40 S.W.2d at 10.

In the bankruptcy setting, it has also been held, applying relevant Texas case law, that a debtor in bankruptcy has an equitable right to force a purchase money mortgage to be satisfied first out of the nonexempt proceeds from the sale of a homestead even though this would destroy assets to which general creditors would have a claim. *In re Bobbitt*, 3 B.R. 372 (N.D.Tex.1976); *In re Bardwell*, 2 B.C.D. 769 (Bankr.S.D.Tex.1976). In *Bobbitt*, the debtors had purchased their homestead in 1969 for an amount over $120,000 at a time when the lot, exclusive of any improvements, was valued at $20,000. At the time of the filing of the petition, the Bankruptcy Court found that the lot had increased in value to $25,000. Applying a homestead exemption of $5,000 and basic Texas case law principles, the District Court held that the amount of the exemption was, in addition to the entirety of the improvements, one-fourth of $25,000, or $6,250, leaving $18,750 as the excess or nonexempt portion. The trustee argued on appeal that the Bankruptcy Court erred in ruling that the bankruptcy had an equitable right to force the lienholder to take his share out of the nonexempt portion first. Such a ruling, it was argued, would destroy assets against which general creditors would have a claim. The District Court disagreed with the trustee based on the posture of Texas law, and affirmed the Bankruptcy Court.

The essential facts surrounding the present case parallel the facts in *Bobbitt* to a large extent, but contain one significant distinction, *i.e.*, the lien in *Bobbitt* arose out of a purchase money mortgage and the lien in the present case was created in conjunction with a constructive trust find-

---

1. The parties had stipulated in open court that the maximum amount the intervenors were claiming was $13,464.60.

ing of actual fraud and breach of fiduciary duty.

Intervenors contend that *In Re Bobbitt, supra,* does not apply because the lienholder in such case was a purchase money mortgage as opposed to a lien for constructive trust. The prior trial Order of February 21, 1983, states in part, "The constructive trust and equitable lien granted herein attached to the subject property simultaneously with acquisition of such property by Mr. & Mrs. Gerald Greene, and such constructive trust and equitable lien are subject to enforcement without regard to any claim of homestead." In effect, the Smiths were granted an equitable purchase money lien inasmuch as the Greenes defrauded the Smiths of funds that were used to buy the Greenes' homestead.

Further similarities exist between a purchase money mortgage and the equitable lien involved herein. In both cases, money is used from third parties in order to purchase a homestead; the homestead cannot be sold except for first paying in full the debt; both types of lienholders can foreclose on the homestead despite the homestead protections.

The Court's Order on February 21, 1983 found that the debtors held one hundred percent legal title to the property at 1805 Random Road subject to an equitable lien in favor of Mr. & Mrs. Charles Smith in the principal amount of $56,250, plus interest, etc., which: "equitable lien is imposed to secure payment and collection of money damages adjudged against Mr. & Mrs. Gerald Greene".

Intervenors further contend that *In re Bobbitt, supra,* only applies to liens against property of the debtors, and since a portion of such property was held in constructive trust, it was not property of the debtor. 11 U.S.C. 541(a) states "The commencement of a case under §§ 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property wherever located:

1. ... all *legal* or equitable interests of the debtor in property as of the com-

mencement of the case". [Emphasis added].

Intervenors contend that since the debtors were found guilty of fraud against the Smiths, that the Court, in exercise of its equitable powers, should not sustain positive fraud, which allegedly would be accomplished by applying *In re Bobbitt* equitable principles in this situation. The Court has no argument with such principle or the principle stated in *Hyman v. Stern,* 43 F.2d 666 (4th Cir.1930) that "... courts of bankruptcy proceed upon equitable principles and should no more sustain positive fraud than would a court of equity ...". Intervenors additionally cite *Maryland Casualty Co. v. Schroeder,* 446 S.W.2d 117 (Tex. Civ.App.—El Paso, 1969) n.r.e. This case stands for the proposition that where the homestead claimants have used fraudulently obtained funds, they cannot obtain full legal and equitable title as against the defrauded party. While such opinion might have been relevant insofar as the November 29, 1982 trial of the Smiths' claims were concerned, same does not appear applicable to the effect of applying *In re Bobbitt* in this case, to wit, the reduction of a potential bankruptcy dividend to creditors other than the Smiths.

 It is not all inequitable conduct that deprives a moving party of equitable relief, but, to so operate, the conduct must be such as affects equitable relations existing between the parties. 22 T.J.2d, *Equity,* § 47 p. 595 *et seq.; Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401 (1960). The equity sought to be enforced is not in derogation of the Smiths' interests. Debtors never obtained any funds wrongfully from anyone other than the Smiths and have been granted a discharge in bankruptcy which neither intervenors nor trustee can attack at this point. The inequitable conduct complained of did not negatively affect intervenors or debtors' general creditors.

Texas courts have liberally construed homestead exemption laws for the benefit of the owner. *In re Parker,* 27 B.R. 932 (Bankr.N.D.Tex.1983).

Judgment will be entered that the debtors have an equitable right to force the equitable lien arising out of a constructive trust to be satisfied first out of excess on nonexempt portion of the homestead proceeds.