**In re Jose J. MONSIVAIS and Diane B. Monsivais, Debtors.**

**No. 01–31229–7.**

United States Bankruptcy Court, W.D. Texas, El Paso Division.

Jan. 29, 2002.[1]

E.P. Bud Kirk, Attorney at Law, El Paso, TX, for debtors.

Donald S. Leslie, El Paso, TX, Chapter 7 Trustee.

## MEMORANDUM OF OPINION ON HOMESTEAD

JOHN C. AKARD, Bankruptcy Judge.[2]

Donald S. Leslie, the Trustee in Bankruptcy (Trustee) in the Chapter 7 proceedings of Jose J. Monsivais and wife, Diane B. Monsivais (Debtors) objected to their claim of an urban homestead in property

---

1. This memorandum will be published.

2. United States Bankruptcy Judge for the Northern District of Texas (retired), recalled for service in the Western District of Texas.

owned by a partnership. The court finds that the Debtors are not entitled to claim that property as their exempt homestead.[3]

## FACTS

The matter was submitted to the court on Stipulations of Fact. The court will summarize the stipulations to the extent necessary for an understanding of this opinion.

The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on May 9, 2001. They claimed as their exempt urban homestead 10.33 acres of land in El Paso County, Texas upon which are located a dwelling and horse sheds (the Property).[4] The Debtors never held fee simple title to the Property. When it was acquired in 1992, title was taken in the Monsivais Family Limited Partnership, a Texas Limited Partnership (the Partnership). A Texas corporation, Monsco, Inc. was formed to be the general partner, owning 1% of the Partnership. Mr. Monsivais was the sole shareholder of the corporation and a 49.5% limited partner. Ms. Monsivais was a 49.5% limited partner. In 1994 the Debtors allowed the charter of Monsco, Inc. to lapse and thus Mr. Monsivais became the general partner.

The Debtors have lived on the Property continuously since 1992. The scheduled value of the property is $199,087.00. A purchase money mortgage held by American General Finance has a balance due of approximately $170,000.00. The Partnership has no other creditors. The Debtors do not contend that the Property is exempt from the mortgage.

## DISCUSSION

■ In 1886 the Texas Supreme Court determined that a homestead could be claimed in partnership property, stating:

In the absence of definitive legislation to guide us, and in obedience to the progressive tendency adverted to, we hold, against the preponderance of authority, but with the preponderance of reason, that a partner in a solvent firm may destinate his interest in partnership realty as a part of his homestead, and thus secure it from forced sale.

*Swearingen & Garrett v. Bassett,* 65 Tex. 267, 273 (1886). That holding was consistently followed for many years. See: *Postal Savings & Loan v. Powell* 47 S.W.2d 343, 351 (Tex.Civ.App.–El Paso 1932, writ refused).

According to the Oxford English Dictionary, "destinate" means to "set apart for a particular purpose." *Oxford English Dictionary* (2d ed.1989). In Webster's Third New International Dictionary of the English Language, Unabridged, "destinate" is to designate or to predetermine. *Webster's New International Dictionary, Unabridged* (3d ed.1981).

A quotation from an earlier part of the *Swearingen & Garrett* decision sheds light on the above quoted conclusion:

Whilst the firm was solvent, he thus had the right to withdraw his interest in the lot from the partnership assets, and ap-

---

**3.** This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), (b), and the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc entered August 13, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

**4.** Under Texas law, a family may claim a 10–acre urban homestead. *Tex.Prop.Code Ann.*

§ *41.002 (Vernon 2000); Tex. Const. Art. 16, §§ 50, 51.* The Debtors assert that they are entitled to claim the full 10.33 acres because there is a lien on the property and the lien must be applied to the non-exempt portion first, citing *Abramson v. Bobbitt (In re Bobbitt)* 3 B.R. 372 (N.D.Tex.1976).

propriate it to his own use. And we think, by the use he made of the lot by the consent of his partner, he did segregate it from the partnership property, and make it a part of his constitutional home ... His interest was free when the firm was solvent, and his use of that interest deprived him, his creditors and his partner, all, of the power thereafter to impose upon it any lien, except for purchase money or improvements.

*Swearingen & Garrett* at 272.

■ The applicability of these older cases is brought into question by the adoption in Texas of the Uniform Partnership Act, the Uniform Limited Partnership Act and their successors. *See: In re Brooks,* 103 B.R. 123 (Bankr.S.D.Tex.1988). The adoption of these acts would seem to make the Texas partnership law more like the Texas corporate law on the subject. Under Texas law, in some instances, property leased to a closely held corporation may be claimed as an exempt business homestead, but property owned by a corporation may not be claimed as an exempt homestead by a shareholder of the corporation. *Taylor v. Knostman (In re John Taylor Company)* 935 F.2d 75 (5th Cir.1991).

■ However, a more basic factor directs the decision in this case. Under the older Texas partnership cases where the partner was claiming specific partnership property as exempt, the partner retained his interest in the partnership. That is not true in bankruptcy. The commencement of a bankruptcy case creates an estate composed of "all legal or equitable interests of the debtor in property as of the commencement of the case." [5] Individual debtors are allowed to "exempt from property of the estate" [6] specified property. Thus, upon filing bankruptcy, all property a debtor owns passes to the bankruptcy estate. Thereafter, the debtor is permitted to remove specified property from the estate as exempt.

■ When these Debtors filed their petition in bankruptcy, all of their property, including their interests in the Partnership, became part of the bankruptcy estate and therefore subject to the control of the Trustee. These Debtors did not claim their interests in the partnership as exempt; thus the partnership remains in the estate and subject to the control of the Trustee. Obviously the Trustee does not consent to the Debtors' claiming partnership property as their exempt homestead. The Debtors do not own the partnership and thus cannot claim an exemption in specific partnership property, even if this court should decide that the older Texas partnership cases applied in this matter.[7] For these reasons, the Debtors' claim of a homestead exemption will be denied.

*Order accordingly.*[8]

---

5. Section 541(a)(1). The Bankruptcy Code is 11 U.S.C. § 101 et. seq. References to sections are to sections of the Bankruptcy Code unless otherwise noted.

6. Section 522(b).

7. In this decision the court is giving the Debtors the benefit of the doubt. The court feels that the Texas adoption of the entity theory of partnerships had the effect of making the older Texas partnership cases no longer applicable.

8. This Memorandum shall constitute findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052 which is made applicable to contested matters by Fed.R.Bankr.P. 9014.